[Civ. No. 15349. Second Dist., Div. Three. May 10, 1946.]

LORI, LTD., INCORPORATED (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

A. Brigham Rose for Petitioners.

Harold W. Kennedy, County Counsel, Douglas DeCoster, Deputy County Counsel, MacFarlane, Shaefer & Haun and Benjamin J. Goodman for Respondents.

THE COURT. Petitioners have represented in their application for a writ of mandate that the respondent Presiding Judge of the Superior Court of Los Angeles County has signified his intention to continue the trial of the unlawful detainer action, heretofore filed by petitioners, to and beyond May 15, 1946, the date to which it was previously assigned abiding final judgment in a reformation suit between the parties.

Respondents in their answer state that on March 22, 1946, the respondent presiding judge "indicated that if the plaintiffs in the reformation matter filed an appeal within the time allowed by law, he would continue the unlawful detainer action until said reformation matters became final by a judgment of the Appellate or Supreme Court. . . ."

Counsel for petitioners has declared at the hearing this day held his intention to appeal from the judgment rendered in said reformation suit and the parties have agreed in open court, and it otherwise appears to the court, that at least one issue presented by the plaintiffs' amended complaint for un-

lawful detainer has never been tried, namely, a cause of action predicated upon alleged waste and the maintenance of a nuisance. (Code Civ. Proc., § 1161.)

Under the provisions of section 1179a, Code of Civil Procedure, proceedings brought to recover possession of real property are entitled to a preference ''in the matter of setting the same for hearing or trial, and in hearing the same, to the end that all such actions shall be quickly heard and determined.''

Accordingly, it is ordered that the peremptory writ prayed for issue directing the respondent presiding judge to place the unlawful detainer action, numbered 508773, upon his trial calendar and assign the same for trial on the 15th day of May, 1946, or as soon thereafter as a trial department is available, for the trial of the cause of action above mentioned and other proper issues, if any.