[Civ. No. 24138. Second Dist., Div. Two. Oct. 21, 1959.]

ARTHUR T. KARTHEISER, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ALEXANDER BISNO et al., Real Parties in Interest.

Ted T. Ward and Ellis J. Horvitz for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Edward Allen Nugent, Deputy County Counsel, for Respondent.

Morris E. Cohn for Real Parties in Interest.

ASHBURN, J.—Petition for writ of mandate requiring respondent to vacate its order of August 24, 1959, continuing for 90 days from that date (to November 24, 1959) the trial of the unlawful detainer action of *Kartheiser* v. *Bisno*, Superior Court Number 721091.

The petition alleges the pendency of plaintiff's unlawful detainer action based upon his purchase at trustee's fore-

closure sale of certain property in the possession of Alexander and Sally Bisno which they refuse to surrender; also the pendency on appeal of a declaratory relief action brought by the Bisnos for an injunction against the trustee's sale and a declaration that a tender previously made by them, as makers of the trust deed paper, was sufficient to cure the existing default and to prevent a valid foreclosure sale.

 For a determination of the true factual and legal situation it seems necessary and proper that judicial notice of the record in *Bisno* v. *Sax*, 2d Civ. No. 24042, now pending in this division, be taken. (*City of Los Angeles* v. *Abbott*, 217 Cal. 184, 193 [17 P.2d 993] ; *Christiana* v. *Rose*, 100 Cal. App.2d 46, 52 [222 P.2d 891] ; *Bailey* v. *Superior Court*, 142 Cal.App.2d 47, 55 [297 P.2d 795].)

Rose Sax, as special administratrix of Lillian Friedland, deceased, was the beneficiary of a trust deed made by Alexander and Sally Bisno to Bank of America as trustee. She gave the bank notice of default and election to sell; the bank proceeded accordingly. The Bisnos tendered $1,173.58 as the full amount necessary to reinstate the paper and avoid the foreclosure. The bank and Sax refused to accept this, claiming that there were also due certain additional installments of principal and interest plus the sum of $500 as attorney fees owing to Sax' lawyer for negotiations with Alexander Bisno's trustee in bankruptcy, which resulted in a release of all claims of the bankruptcy estate to the property covered by the said deed of trust.

On September 10, 1958, the Bisnos filed a declaratory relief action seeking an adjudication that their tender was sufficient and that the trustee's foreclosure sale be enjoined. Judgment was rendered in favor of Sax and the bank to the effect that the tender of the Bisnos was insufficient and that the trustee's sale could lawfully proceed. This judgment was rendered on December 31, 1958, and entered January 2, 1959. An appeal therefrom was taken on January 8, 1959. *Lis pendens* was filed in said action on January 5, 1959. The filing of the *lis pendens* after judgment rendered but before its finality was permissible under Code of Civil Procedure, sections 409, 1049.

The trustee's sale occurred on January 21, 1959, and Kartheiser bought the property at that sale. He alleges in his petition " [t]hat Petitioner was a purchaser for value" but that does not negative the fact that he was charged with constructive notice of the claims made by the respective parties in *Bisno* v. *Sax* because he purchased after the filing

of the *lis pendens* (Code Civ. Proc., § 409; 31 Cal.Jur.2d, § 10, p. 695; *West Investment Co.* v. *Moorhead,* 120 Cal.App.2d 837, 841 [262 P.2d 322, 39 A.L.R.2d 833]). The answer of the Bisnos affirmatively alleges that he had actual as well as constructive knowledge; upon oral argument this was stipulated to be true.

After Kartheiser's purchase the Bisnos refused to surrender possession and have never done so. This they admit. On April 17, 1959, Kartheiser commenced an action in unlawful detainer against the Bisnos under section 1161a, Code of Civil Procedure. It is that action which has been continued for trial to November 24, 1959. The question of whether the lower court abused its discretion depends somewhat upon the effect upon Kartheiser and the Bisnos of the ruling made upon the appeal in *Bisno* v. *Sax.*

Kartheiser is in privity with Sax, for he succeeded to her title (present and inchoate) by purchase at her foreclosure sale (see *Bernhard* v. *Bank of America,* 19 Cal.2d 807, 811 [122 P.2d 892]; *Dillard* v. *McKnight,* 34 Cal.2d 209, 215 [209 P.2d 387, 11 A.L.R.2d 835]; 29 Cal.Jur.2d, § 270, p. 240; 50 C.J.S., § 788, p. 325), and hence he is bound by the judgment in *Bisno* v. *Sax* (Code Civ. Proc., § 1908 subd. 2); one of the major issues in that case and in the unlawful detainer action is the sufficiency of the tender made by Bisno, an issue upon which Sax prevailed below.

It is argued that that issue is not in the unlawful detainer action because title cannot be tried in such a summary proceeding. Conceding that to be the general rule, it is not applicable where the validity of the trustee's sale is attacked. If he has not pursued the terms of the trust deed and the statute the trustee's deed passes only a vulnerable title. "In an action for unlawful detainer, section 1161a therefore necessarily requires proof that the property was '*duly sold* in accordance with Section 2924 of the Civil Code,' and that 'the title under the sale has been *duly perfected.*' (Italics ours.) Under such unlawful detainer statutes it has been held that title, to the extent required by section 1161a, 'not only may, but must, be tried in such actions if the provisions of the statutes *extending the remedy beyond the cases where the conventional relation of landlord and tenant exists* are not to be judicially nullified.'" (*Seidell* v. *Anglo-California Trust Co.,* 55 Cal.App.2d 913, 920 [132 P.2d 12].) To same effect, see *Hewitt* v. *Justice's Court,* 131 Cal.App. 439, 443 [21 P.2d 641]; *Mortgage Guarantee Co.* v. *Smith,* 9 Cal.App.

2d 618, 619 [50 P.2d 835]; *Freeze* v. *Salot,* 122 Cal.App.2d 561, 564 [266 P.2d 140]; *Altman* v. *McCollum,* 107 Cal.App.2d Supp. 847, 856-857 [236 P.2d 914]; *Bliss* v. *Security-First Nat. Bank,* 81 Cal.App.2d 50, 58 [183 P.2d 312].

In the Kartheiser unlawful detainer case the complaint alleges ownership in plaintiff since January 21, 1959, by virtue of the trustee's sale on that date. Defendant Bisnos' answer denies plaintiff's ownership and alleges the tender of $1,173.58, as well as a waiver of their default through acceptance by the beneficiary of payment of all delinquent amounts. This is in paragraph I of the answer. A first affirmative defense alleges filing of the Bisno-Sax action, the judgment therein favorable to Sax, the taking and pendency of an appeal from that judgment, the purchase by Kartheiser at trustee's sale held after the filing of the *lis pendens.* All this was alleged by way of plea in abatement. On motion of plaintiff Kartheiser, this defense was stricken from the answer. But the denial of plaintiff's ownership remains and that issue must be tried when the cause is reached for hearing. It thus appears that one of the cardinal issues tried in *Bisno* v. *Sax* was the sufficiency of the $1,173.58 tender and that the same issue will have to be tried in the Kartheiser unlawful detainer action in order to determine whether plaintiff did acquire title through his purchase at the trustee's foreclosure sale. Upon this issue the Bisno-Sax judgment when final will be res judicata between the parties to the Kartheiser action, operating by way of collateral estoppel.

But there is another important issue which is not common to the two cases. Kartheiser relies upon a conclusive evidence provision of the trust deed: "The recital in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof." The effect of that provision was not litigated in *Bisno* v. *Sax* for the trial and judgment therein preceded the foreclosure sale and issuance of the trustee's deed. It remains open for the trial of the unlawful detainer action.

*Lori, Ltd., Inc.* v. *Superior Court,* 74 Cal.App.2d 442 [168 P.2d 982], furnishes a persuasive precedent; it was there held that the writ should be granted in somewhat similar circumstances because of the preference given to unlawful detainer actions by section 1179a, Code of Civil Procedure. In that instance an unlawful detainer action and a reformation suit were pending between the same parties with respect to the same property. The trial judge had announced an intention

to postpone the unlawful detainer trial until after final determination of the other action. Plaintiff in the unlawful detainer action sought and obtained mandamus, the appellate court saying, at pages 442 and 443: "Counsel for petitioners has declared at the hearing this day held his intention to appeal from the judgment rendered in said reformation suit and the parties have agreed in open court, and it otherwise appears to the court, that at least one issue presented by the plaintiffs' amended complaint for unlawful detainer has never been tried, namely, a cause of action predicated upon alleged waste and the maintenance of a nuisance. (Code Civ. Proc., § 1161.)

"Under the provisions of section 1179a, Code of Civil Procedure, proceedings brought to recover possession of real property are entitled to a preference 'in the matter of setting the same for hearing or trial, and in hearing the same, to the end that all such actions shall be quickly heard and determined.'

"Accordingly, it is ordered that the peremptory writ prayed for issue. . . ."

■ The county counsel, representing respondent court, asserts that plaintiff's conceded failure to invoke section 1166a, Code of Civil Procedure, precludes him from complaining of the delay of his trial. This section provides that a plaintiff in unlawful detainer may obtain immediate possession of the premises by satisfying the court through complaint or affidavit that defendant is insolvent and has no property sufficient to satisfy plaintiff's damages and upon giving an undertaking in an amount fixed by the judge conditioned upon payment of defendant's damages by reason of such dispossession in the event of dismissal of the action or failure to recover judgment therein. Section 1179a, Code of Civil Procedure, provides: "In all proceedings brought to recover the possession of real property pursuant to the provisions of this chapter all courts, wherein such actions are or may hereafter be pending, shall give such actions precedence over all other civil actions therein, except actions to which special precedence is given by law, in the matter of the setting the same for hearing or trial, and in hearing the same, to the end that all such actions shall be quickly heard and determined." Respondent cites no authority to the effect that failure to pursue section 1166a destroys or affects plaintiff's right to priority under section 1179a and we are satisfied that it does not do so.

■ Mandamus is a discretionary writ (32 Cal.Jur.2d,

§ 7, p. 124; *Dowell* v. *Superior Court,* 47 Cal.2d 483, 486-487 [304 P.2d 1009]). Hence, certain practical considerations must enter into our disposition of this matter. The present trial date is November 24, 1959. Our decision herein cannot become final for 60 days, sometime in December at the earliest. *Bisno* v. *Sax* will appear on our November calendar and the decision therein could reach finality in January, 1960. If both decisions should become final on those dates there would seem to be little practical necessity of trying *Kartheiser* v. *Bisno* in advance of the final ruling in *Bisno* v. *Sax.* But there is no assurance that a hearing in the Supreme Court will not be granted in the latter case. In such event a denial of mandamus at this time would leave the trial court in position to continue the unlawful detainer action from time to time awaiting a Supreme Court ruling in *Bisno* v. *Sax,* perhaps many months. Whatever the ultimate ruling by that court may be, the judgment in that case cannot be wholly determinative of the unlawful detainer action, for the effect of the conclusive evidence clause of the trustee's deed will remain open. In any event, petitioner will have been deprived of his right to early trial for an inordinate period in the face of section 1179a. The case is on a parity with *Lori, Ltd., Inc.* v. *Superior Court, supra,* 74 Cal.App.2d 442. We do not consider that it would be sound discretion on our part to deny petitioner relief in contravention of the command of that statutory provision and we conclude that the action of the trial court was an abuse of its discretion.

The answer of the real parties in interest to the petition herein raises numerous factual issues, but they have become immaterial except as covered by stipulations made at the time of oral argument or by the discussion hereinbefore set forth; hence they require no separate determination or further discussion.

It is ordered that the peremptory writ issue directing the trial court to vacate its order of continuance made on August 24, 1959, in the case of *Kartheiser* v. *Bisno,* Superior Court Number 721091, and to proceed with the trial of said unlawful detainer action as soon after this ruling becomes final as a trial department may be made available therefor.

Fox, P. J., and Herndon, J., concurred.