[Civ. No. 52585. Second Dist., Div. One. Mar. 8, 1978.]

MOBIL OIL CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
JOSEPH YSAIS, Real Party in Interest.

488

**COUNSEL**

Buchalter, Nemer, Fields & Chrystie, Leonard D. Venger and Gail D. Kass for Petitioner.

No appearance for Respondent.

David Laufer and Kenneth P. Roberts for Real Party in Interest.

**OPINION**

**LILLIE, Acting P. J.**—Respondent court stayed an unlawful detainer action (Mobil Oil Corporation v. Joseph Ysais) pending determination of a prior action brought by Ysais, the lessee (defendant in the unlawful detainer action) which seeks to establish his right to continue operation of a service station upon the leased premises. Petition for writ of mandate was filed by Mobil, and we issued an alternative writ. ■ Under the circumstances, we conclude that the order staying the unlawful detainer action constituted an abuse of discretion by the trial court in that it destroys the statutory summary procedure accorded unlawful detainer actions.

In October 1973 petitioner Mobil Oil Corporation, leased certain premises to real party in interest Joseph Ysais pursuant to a written gasoline service station lease the initial term of which was for a period of three years beginning February 1, 1974, and ending January 31, 1977. The renewal terms and conditions are a subject of dispute between the parties. By letter dated September 20, 1976, Mobil informed Ysais of its decision not to renew the lease on January 31, 1977, and that the "retail dealer contract" would terminate on the same date.

On October 28, 1976, in the northwest district of the Los Angeles Superior Court, Ysais filed an action against Mobil and others, the gist of which was that by its letter of September 20, 1976, Mobil was attempting

to wrongfully terminate his franchise agreement. On May 27, 1977, during the period Mobil's second demurrer to Ysais' amended complaint was off calendar but before the "first amended complaint" was filed, Mobil filed in the central district of the Los Angeles Superior Court, a complaint in unlawful detainer against Ysais seeking possession of the real property subject to the service station lease, the term of lease having expired and Ysais having refused to vacate the premises. Ysais' demurrer on the ground, among others, that there is another action pending was overruled on June 30, 1977; thereafter he filed an answer alleging numerous affirmative defenses. He also filed a cross-complaint which was substantially the same as the amended complaint filed in his action against Mobil. On September 21, 1977, the court sustained Mobil's demurrer to the cross-complaint and to three of the affirmative defenses.

In October 1977 Ysais moved respondent court for a stay of the unlawful detainer action. In his supporting points and authorities, he listed the causes of action in the amended complaint in his action against Mobil among which were a cause of action for declaratory relief, and one for unfair trade practices in which he requested that Mobil be enjoined from terminating franchises without good cause, terminating franchises in retaliation for the franchisee's refusal to purchase Mobil products and filing unlawful detainer actions seeking to enforce termination of franchise agreements and retail dealer contracts. He described the causes of action alleged in the second amended complaint as substantially the same as those in the amended complaint except for the addition of an eighth cause of action. Mobil asserted that it had been unable to file the unlawful detainer action before the initial term of the lease expired, that a demurrer to the second amended complaint and a motion to strike in Ysais action were set for hearing on November 18, 1977, that said action was not at issue, and that it had filed a second at-issue memorandum in its unlawful detainer action after the first one had been withdrawn pursuant to stipulation.

On November 14, 1977, the motion for stay of the unlawful detainer action was granted.

Five days after Mobil filed its petition for writ of mandate in this court, Ysais filed a third amended complaint in his suit against Mobil containing, among others, a cause of action for declaratory relief, and a cause of action for unfair trade practices which requested the court to enjoin Mobil from unlawfully terminating his franchise or from filing an action in unlawful detainer for such purpose, and from all future and

similar unfair trade practices. ■■ ■■■■ On January 27, 1978, after this court ordered the issuance of an alternative writ of mandate,[1] Ysais filed an at-issue memorandum which states that Ysais' action against Mobil is entitled to preference by reason of Code of Civil Procedure sections 527 (precedence to hearing of a preliminary injunction) and 1062a (preference accorded declaratory relief actions) and Civil Code section 3369 (one performing an act of unfair competition may be enjoined).

■■ In Ysais' argument that the stay was proper because the key issue presented in the unlawful detainer action was already before the court by reason of his lawsuit against Mobil, relying on *Williams* v. *Superior Court,* 14 Cal.2d 656 [96 P.2d 334]; *Halpin* v. *Superior Court,* 14 Cal.App.3d 530 [92 Cal.Rptr. 329]; *Stearns* v. *Los Angeles City School Dist.,* 244 Cal.App.2d 696 [53 Cal.Rptr. 482]; and *Gorman* v. *Superior Court,* 23 Cal.App.2d 173 [72 P.2d 774], he suggests a priority of his action against Mobil because it was filed first. Initially we note that the two actions were filed in the Los Angeles County Superior Court, thus neither the filing of Ysais' action against Mobil nor the prior service of summons in that action gave priority of jurisdiction thereto. (*Brown* v. *Campbell,* 110 Cal. 644, 648 [43 P. 12]; 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 291, pp. 831-832.) There is but one superior court in the County of Los Angeles, and all actions brought in that county are within the same jurisdiction. (*Brown* v. *Campbell, supra.*) ■■ An issue of priority of jurisdiction arises only when two actions are brought in different courts (see 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 291, p. 832) such as in superior courts in different counties (*Childs* v. *Eltinge,* 29 Cal.App.3d 843, 847 [105 Cal.Rptr. 864]; *Halpin* v. *Superior Court,* 14 Cal.App.3d 530, 544-545 [92 Cal.Rptr. 329]; *Stearns* v. *Los Angeles City School Dist.,* 244 Cal.App.2d 696, 715 [53 Cal.Rptr. 482]; *Cade* v. *Superior Court,* 191 Cal.App.2d 554, 555-556 [12 Cal.Rptr. 847]; *Myers* v. *Superior Court,* 75 Cal.App.2d 925, 930 [172 P.2d 84]; *Gorman* v. *Superior Court,* 23 Cal.App.2d 173, 177 [72 P.2d 774]) or different courts

---

[1]Mandate is appropriate to review an order staying proceedings. (*Pac. Engine etc. Wks.* v. *Superior Court,* 132 Cal.App.2d 739, 745 [282 P.2d 937].) "Although it is well established that mandamus cannot be issued to control a court's discretion, in unusual circumstances the writ will lie where, under the facts, that discretion can be exercised in only one way." (*Babb* v. *Superior Court,* 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379].) Here Mobil's petition for writ of mandate also satisfies the other requirements for mandate. The order staying the unlawful detainer action is not appealable as it is based on grounds other than inconvenient forum (Code Civ. Proc., § 904.1, subd. (c)) and review by appeal from the judgment in either action could afford no timely nor effective relief. (See *Stearns* v. *Los Angeles City School Dist.,* 244 Cal.App.2d 696 [53 Cal.Rptr. 482].)

in the same county (*Curl* v. *Pacific Home,* 108 Cal.App.2d 655, 661 [239 P.2d 481]) or where there is a *single* action in which two departments of the superior court are asserting jurisdiction (*Williams* v. *Superior Court,* 14 Cal.2d 656, 662 [96 P.2d 334]; *Regents* v. *Superior Court,* 185 Cal.App.2d 806, 809-810 [8 Cal.Rptr. 629]). ■ In the matter at bench neither action had been assigned to a department for trial (see *Williams* v. *Superior Court, supra*) (indeed Ysais v. Mobil was not yet at issue when the stay order was issued); but of more significance, there is not here involved a *single* action in which two departments of the superior court assert jurisdiction.

■ There are two actions pending in the same superior court in the same county; the problem is not one of jurisdiction but of pleading and trial practice. "The only problems are: (1) *Pleading*: does the plea of other action pending lie, so as to abate the second action? The answer is *no,* because the parties are not in the same relationship. (2) *Trial practice*: should the two actions be consolidated for trial? Probably they should. (See *Daly* v. *White* (1950) 100 C.A.2d 22, 26, 222 P.2d 950; *Hagan* v. *Fairfield* (1961) 194 Cal.App.2d 240, 247, 16 C.R. 14, quoting the text; *Colvig* v. *RKO General* (1965) 232 C.A.2d 56, 75, 42 C.R. 473, quoting the text; *Pleading,* § 254 et seq.)" (Original italics; 1 Witkin Cal. Procedure (2d ed. 1970) Jurisdiction, § 291, p. 832.)

Abatement of the second action on the ground of another pending action is not proper here as the parties are not in the "same relationship." In light of Mobil's opposition to consolidation, it would appear that consolidation of the actions for trial would run afoul of the well established rule that "an unlawful detainer action may not generally be tried together with other causes." (*Childs* v. *Eltinge, supra,* 29 Cal.App.3d 843, 852.) Nevertheless, on the motion for a stay of Mobil's unlawful detainer action pending determination of the first action, the trial court was faced with a problem of trial practice. An initial consideration would be the need of the court to eliminate confusion and unnecessary difficulties in calendar coordination which could be resolved by the transfer of both actions to the same district court within the Los Angeles Superior Court. (See § 6, rule 2, Rules of the Superior Court of Los Angeles County.) Whatever difficulties or confusion two pending actions in different districts of the same superior court may present as to the court's internal management of its calendar, they could hardly justify the use of the drastic remedy of a stay of one of the actions.

Essentially, the matter centers upon the statutory precedence for trial accorded the respective actions. ■ Turning first to the unlawful detainer action, it is the right to possession which is in issue. In order to preclude resolution of additional issues, limits have been imposed upon the filing of cross-complaints and, subject to certain exceptions, defenses extrinsic to the issue of possession are not permitted. (*Green* v. *Superior Court,* 10 Cal.3d 616, 632-633 [111 Cal.Rptr. 704, 517 P.2d 1168].) ■ As part of the general statutory plan to provide for speedy disposition of unlawful detainer actions, the trial thereof is entitled to unqualified preference in trial setting. (Code Civ. Proc., § 1179a; *Lori, Ltd., Inc.* v. *Superior Court,* 74 Cal.App.2d 442, 443 [168 P.2d 982] (mandate issued to enforce trial priority of unlawful detainer action).)

*Childs* v. *Eltinge,* 29 Cal.App.3d 843, 853 [105 Cal.Rptr. 864], albeit in the context of a priority of jurisdiction case (actions pending in Riverside County Superior Court and Los Angeles County Superior Court) explains the reason for such special treatment of unlawful detainer actions. ■ "The unlawful detainer statutes were, as previously noted, enacted to provide an adequate expeditious and summary procedure for regaining possession of real property wrongfully withheld by a tenant. The rights and remedies afforded a landlord by the statutory provisions are given in lieu of his common law rights and remedies which included the right to enter and expel the tenant by force. [Citations.] The enactment of such statutory procedures is supported by the strong public policy of preserving the peace [citation] as well as the recognition of the unique factual and legal characteristics of the landlord-tenant relationship [citation]." (Fns. omitted.)

■ Consideration of the well established rules according trial precedence to unlawful detainer actions should be balanced against the statutory priorities, if any, accorded to the causes of action alleged in Ysais' action against Mobil. There are only two causes of action therein for which a claim of trial priority is asserted. One is the cause of action for declaratory relief. ■ The trial setting preference for declaratory relief actions, however, is not absolute. The Legislature chose to limit that preference when it added, in 1976, subdivision (b) to section 1062a of the Code of Civil Procedure. It resulted in the present policy of this state to provide only a conditional priority to causes of action for declaratory relief when, as here, the cause of action is combined with other requests for relief. ■■ A stay of the unlawful detainer action based upon the ground that one of the causes of action in Ysais' action against Mobil is for declaratory relief would ignore the express conditions which the Legisla-

ture has deemed necessary to include in Code of Civil Procedure section 1062a, subdivision (b)[2] and, in effect, treat the cause of action for declaratory relief as though it were given an absolute priority for trial.

The other cause of action in Ysais' action against Mobil for which trial priority is asserted is one for unfair trade practices. Ysais' claims for such priority are based upon Civil Code section 3369, which provides that one performing an act of unfair competition may be enjoined, and upon Code of Civil Procedure section 527, which gives precedence to the hearing of a preliminary injunction. However, Ysais has not sought a preliminary injunction, and section 527 "deals only with the time for hearing specified in an ex parte order to show cause . . . . If the plaintiff proceeds by noticed motion, the motion is heard at a time pursuant to the statutes and rules governing motions." (2 Witkin, Cal. Procedure (2d ed. 1970) Provisional Remedies, § 90, p. 1525.) Accordingly, the trial court could not conclude from the description of the amended complaint that the cause of action for unfair trade practices was entitled to trial priority.[3]

We hold that the trial court's order staying the unlawful detainer action constituted an abuse of discretion in that there were no facts presented to the trial court which would justify the granting of a stay. Nothing in this opinion should be construed as a determination of the merits of either action or a determination of the issues which can be properly raised in either action.

Let a peremptory writ of mandate issue directing respondent court to vacate the order of November 14, 1977, in Los Angeles Superior Court case No. C-201313 entitled Mobil Oil Corporation v. Joseph Ysais, granting the motion by real party in interest for a stay of the unlawful

---

[2]Section 1062a, subdivision (b), Code of Civil Procedure provides: "Any action brought under the provisions of this chapter in which the plaintiff seeks any relief, in addition to a declaration of rights and duties, shall take such precedence only upon noticed motion and a showing that the action requires a speedy trial."

[3]The cause of action for unfair trade practices as it stood at the time of the hearing on the motion for a stay requested relief on behalf of all of Mobil's service station operators. In order to resolve the issues relating to the other service station operators, the court could expect a lengthy and complex trial. More in point here, Ysais' status as representative of all Mobil's service station operators probably would not be altered by any decision in the unlawful detainer action. (See La Sala v. American Sav. & Loan Assn., 5 Cal.3d 864, 973 [97 Cal.Rptr. 849, 489 P.2d 1113].) In view of the fact that the third amended complaint states an individual claim only, such considerations are of academic interest only.

detainer action, and thereafter to enter a new and different order denying said motion.

Thompson, J., and Hanson, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied May 4, 1978.