[No. B002038. Second Dist., Div. One. May 31, 1984.]

CURTIS H. JONES et al., Plaintiffs and Appellants, v.
GEORGE A. OTERO et al., Defendants and Respondents.

**COUNSEL**

Joseph Daniel Davis for Plaintiffs and Appellants.

James W. Marsala for Defendants and Respondents.

**OPINION**

**DALSIMER, J.**—On September 4, 1980, plaintiffs, Curtis H. Jones and Linda L. Jones, filed a first amended complaint for specific performance. On September 10, 1980, defendants filed their answer. On September 10, 1982, defendants filed a motion for preference in trial setting as authorized under Code of Civil Procedure section 36 on the grounds that defendants George Otero and Jean Otero were each over 70 years of age. The trial had theretofore been set, and, when the motion for preference was heard on October 1, 1982, the court ordered that "The Trial date of January 31, 1983 [was] to stand as a 'must go' on that date."

Thereafter, on December 15, 1982, defendants filed a motion for an order to compel plaintiffs to produce documents that had been requested pursuant to Code of Civil Procedure section 2031 and to answer interrogatories. Defendants further moved "for sanctions against Plaintiffs [*sic*] attorney . . . for [purposefully] delaying the prosecution of this case, and in the alternative, . . . for the sanction of dismissal . . . ." On January 7, 1983, the court ordered plaintiffs to answer the interrogatories without objection and to produce the requested documents within 10 days. The court also

ordered plaintiffs' attorney to pay defendants within 10 days $364 as reasonable costs of obtaining the orders relating to discovery. The order further provided: "Plaintiffs may not further prosecute this action until this order and the former order of this court have been complied with." The record is unclear as to just which former order the court referred.

On January 7, 1983, plaintiffs' counsel hand delivered to counsel for defendants answers to the interrogatories. The interrogatory answers were verified by plaintiff Curtis Jones. On the same occasion counsel also hand delivered a document entitled "Response to Request to Produce," which was verified by Curtis Jones and which indicated that plaintiffs did not have any documents in four of the requested categories and that a fifth item of the request was irrelevant.

On January 31, 1983, plaintiffs, defendants, and defendants' counsel appeared at the appropriate time for the trial of the action, but plaintiffs' counsel was not present. Defendants' counsel, under oath, erroneously informed the court that there had been no compliance with the order to produce documents and that objections to the interrogatories had been served rather than answers. Counsel further informed the court that sanctions imposed on plaintiffs' counsel on January 7, 1983, and September 11, 1981, had not been paid.

Accepting the invitation of the court, defendants moved for dismissal of the action pursuant to Code of Civil Procedure section 2034 for plaintiffs' and plaintiffs' counsel's failure to comply with the court's order of January 7, 1983. Plaintiffs had received no notice of any motion to dismiss. Not surprisingly, the court granted the motion it had solicited, and on February 15, 1983, judgment was entered for defendants. The court's minute order for January 31, 1983, in pertinent part reads: "Defendants' motion for dismissal under Section 2034, Code of Civil Procedure is granted . . . ."

Plaintiffs moved for reconsideration of the order of January 31, 1983, and for an order to set aside the judgment entered thereon. The declaration in support of the motion stated that counsel had received no notice of the motion to dismiss under Code of Civil Procedure section 2034.

At the hearing on the motion for reconsideration, the court stated that the dismissal was based on Code of Civil Procedure section 36 as well as Code of Civil Procedure section 2034 and that good cause for a continuance had not been shown pursuant to Code of Civil Procedure section 36, subdivision (e). Plaintiffs' counsel stated that at 8:45 a.m. on January 31, 1983, he had telephoned the court clerk and asked to be put on second call, that he subsequently learned the matter had been dismissed on first call, and that he

appeared for second call at 10:30 a.m. on that date. Upon denial of plaintiffs' motion, this appeal ensued.

■ The trial court erred in dismissing the action as no notice of defendants' motion to dismiss pursuant to Code of Civil Procedure section 2034 had been given. (See Code Civ. Proc., §§ 1005, 1010, 2034.) Written notice of such motion is required to be served at least 15 days in advance of the hearing (Code Civ. Proc., §§ 1005, 1010) in order that the court will be fully apprised of the events occurring subsequent to the order compelling discovery. (*Duggan* v. *Moss* (1979) 98 Cal.App.3d 735, 741, 744 [159 Cal.Rptr. 425].)

The failure to give plaintiffs notice of defendants' motion for dismissal under Code of Civil Procedure 2034 violated not only statutory requirements but fundamental principles of due process as well. We recently held in *O'Brien* v. *Cseh* (1983) 148 Cal.App.3d 957 [196 Cal.Rptr. 409] that telephonic notice to defense counsel's secretaries of the date, time, and place of an ex parte application for sanctions against defendant one day in advance of the hearing involved "a flagrant violation of due process principles." (*Id.*, at p. 962.) Here the record indicates that no notice whatsoever was given of defendants' intention to move not merely for monetary sanctions against plaintiffs, but for dismissal of the action.

Defendants attempt to justify the dismissal by reliance upon Code of Civil Procedure section 581. Code of Civil Procedure section 581 provides in pertinent part: "An action may be dismissed in the following cases: [¶] . . . [¶] 3. By the court, when either party fails to appear on the trial and the other party appears and asks for a dismissal . . . ."

As plaintiffs appeared at the trial, dismissal under Code of Civil Procedure section 581, subdivision 3, was not proper. If indeed the court wished to dismiss on the grounds that plaintiffs' counsel did not appear, it should have at a minimum afforded plaintiffs the opportunity to proceed to trial without counsel. More importantly, the action simply was not dismissed on the basis of Code of Civil Procedure section 581, subdivision 3. Both the reporter's transcript and the minute order demonstrate that the motion for dismissal was granted solely on the basis of Code of Civil Procedure section 2034.

Defendants, as well as the trial court, have attempted to also justify the dismissal on the basis of Code of Civil Procedure section 36, which provides for preference in setting certain parties' actions for trial. Here, too, the record refutes defendants' contention. Not only were plaintiffs present in court on the day set for trial, but their counsel arrived on that day, albeit

one and one-half hours late. Further, it is undisputed that, when plaintiffs' counsel arrived, defendants and their counsel were still present but refused to remain while plaintiffs' counsel attempted to answer to second call and to announce his readiness for trial. There is no authority for depriving a party of a trial on the merits on one basis and then, when the invalidity of that basis becomes patent, seeking to justify the decision on the basis of other unspoken, unnoticed grounds.

Although the judgment recites that the reason for granting judgment was *plaintiffs'* failure to comply with the orders of January 7, 1983, the oral statement of reasons in support of judgment indicates that judgment was granted in part for *plaintiffs' attorney's* failure to comply with the order of January 7, 1983, that he pay monetary sanctions to defendants for the costs of their obtaining orders relating to discovery. The order directing plaintiffs' counsel to pay sanctions was not directed to plaintiffs, and a dismissal of the action based on the failure of either plaintiffs or plaintiffs' counsel to pay the sanctions was an act in excess of the court's jurisdiction. (Cf. *O'Brien* v. *Cseh, supra,* 148 Cal.App.3d 957, 961-962 [fundamental principles of due process require that a party receive adequate notice of a motion for an order imposing sanctions]; *Blumenthal* v. *Superior Court* (1980) 103 Cal.App.3d 317 [163 Cal.Rptr. 39] [court may not impose sanctions on an attorney when the moving papers seek sanctions only against the attorney's clients].)

Nothing in this court's opinion in *Stein* v. *Hassen* (1973) 34 Cal.App.3d 294 [109 Cal.Rptr. 321] authorizes or even suggests that an action may be dismissed for a plaintiff's attorney's failure to pay monetary sanctions. Counsel has not cited, nor has our research disclosed, the existence of any case that so holds.

In *Stein* the defendant had disregarded a court order that he file further answers to certain interrogatories. While we stated that defendant's defiance of two orders imposing monetary sanctions against him "alone justifies the imposition of sanctions" under Code of Civil Procedure section 2034 (*Stein* v. *Hassen, supra,* 34 Cal.App.3d at p. 302), our affirmance of the judgment by default was based on the defendant's wilful disobedience of the court order directing him to provide further answers. We expressly stated, "[T]he conduct that directly affected the fair disposition of plaintiff's case by trial on the merits was defendant's repeated wilful refusal to file adequate and sufficient answers to interrogatories. . . . [¶] . . . [W]e have read the pleadings and the interrogatories and conclude that proper discovery would tend to support the plaintiff's cause and as to the issues raised the facts should be deemed established as contended by the plaintiff. [Citation.] 'The principal limitation upon the trial judge's discretion is that *the sanction may not*

*operate in such a fashion as to put the prevailing party in a better position in the lawsuit than he would have had if he had obtained the discovery sought and it had been completely favorable to his cause.'* [Citation.]" (*Id.,* at pp. 302-303, italics added.)

We further note that, although there is language in *Williams* v. *Travelers Ins. Co.* (1975) 49 Cal.App.3d 805 [123 Cal.Rptr. 83] that the plaintiff therein "stretched the court's toleration of his conduct beyond the breaking point when he failed to provide further answers and failed to pay minimum sanctions for the inconvenience caused by his delay" (*id.,* at pp. 810-811), the affirmance of the order of dismissal in that case was based solely on the plaintiff's refusal to answer interrogatories, not on his failure to pay sanctions. (*Id.,* at p. 811.)

An order imposing monetary sanctions may be enforced under the Enforcement of Judgments Law (Code Civ. Proc., § 680.010 et seq.). (See Code Civ. Proc., §§ 680.230, 680.270.) Whether dismissal could ever be an appropriate remedy for a *party's* noncompliance with a discovery order imposing monetary sanctions is not before us. ■ However, dismissal can never be an appropriate remedy for an *attorney's* noncompliance with an order imposing monetary sanctions. We so hold.

The judgment is reversed.

Spencer, P. J., and Lillie, J., concurred.