[No. B018365. Second Dist., Div. Four. May 1, 1986.]

ESTELLA KOCH-ASH et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
DEPARTMENT OF TRANSPORTATION et al., Real Parties in Interest.

---

**COUNSEL**

Lillick, McHose & Charles, Anthony E. Liebig, Kenneth R. Chiate and Charles E. Patterson for Petitioners.

No appearance for Respondent.

Gordon S. Baca, Joseph A. Montoya, Anthony J. Ruffolo, David R. Simmes, O'Melveny & Meyers, William W. Vaughn, Robert E. Willett, Wallace M. Allan and Mark A. Samuels for Real Parties in Interest.

Wasserman, Comden & Casselman, David B. Casselman, Elliot F. Borska and Paul Edmond Stephan as Amici Curiae on behalf of Real Parties in Interest.

## OPINION

**WOODS, P. J.**—By petition for mandate civil plaintiffs, whose actions were severed for trial from the consolidated actions of numerous other plaintiffs, seek to prevent the trial court from denying them the preferential trial date conferred by Code of Civil Procedure section 36, subdivisions (a) and (e).[1]

The determinative question presented is whether section 36, subdivision (a), leaves trial courts with discretion to deny preferential trial rights to litigants who qualify under that statute. Here, the trial court claims such discretion to serve judicial economy and to protect defendants from serial trials that might occur if consolidated cases are severed to comply with section 36 preference requirements.

We conclude that section 36, subdivision (a), as construed by this court in *Rice* v. *Superior Court* (1982) 136 Cal.App.3d 81 [185 Cal.Rptr. 853], is mandatory and absolute in its application and does not allow a trial court to exercise the inherent or statutory general administrative authority it would otherwise have.

The material facts are simple and not in dispute.

Petitioners are 12 of some 391 plaintiffs in 47 pending consolidated civil actions (the "Big Rock Mesa-Ibarra actions") seeking damages against several state and county agencies for injuries to their residential properties and collateral injuries resulting from slow-moving landslides. The actions claim that defendants were negligent in planning and developing the residential area and its drainage systems and in maintaining ground water levels and land slope gradings at and near the Big Rock Mesa area of Malibu, California.

Defendants (real parties in interest) are the State of California Department of Transportation (Caltrans), the Los Angeles County Flood Control District, Los Angeles County Waterworks District No. 29, and the County of Los Angeles.

A 48th related action, known as the "Hansch" action was severed from the 47 "Ibarra" actions for the purpose of trying it first as a test case that might resolve various issues of liability pertaining to the "Ibarra" actions.

On August 19 and September 13, 1985, respondent granted petitioners' motion pursuant to section 36, subdivision (a), for a preferential trial date

---

[1]Unless otherwise indicated all statutory references are to the Code of Civil Procedure.

due to their reaching the age of 70 years. Petitioners' actions (the "Koch-Ash cases") were accordingly severed from the other "Ibarra" actions and petitioners' trial was set for December 17, 1985.

The "Hansch" action proceeded to trial and on October 4, 1985, respondent issued its written intended decision in favor of defendants Flood Control District, Waterworks District No. 29, and Caltrans and in favor of the Hansch plaintiffs as against the County of Los Angeles only. The intended decision found the County negligent in its planning and approval of development of the Big Rock Mesa with inadequate drainage and sewage systems.

On October 23, 1985, defendants moved to stay the December 17 preferential trial on the basis that resolution of issues on appeal in the Hansch action would by operation of collateral estoppel resolve numerous liability issues also involved in petitioners' actions and would thus avoid duplicative trials on those issues.

The motion was grounded upon the claim that the trial court has inherent administrative power, and express statutory authority pursuant to section 128, to regulate its trial calendar to provide for the orderly conduct of proceedings. It contended that these powers overcome the mandate of section 36, subdivision (a). Defendants urged that this court's decision in *Rice* v. *Superior Court, supra,* 136 Cal.App.3d 81, has no application mandating preference in petitioners' actions. They contended that early case law establishes the absolute inherent power of trial courts to stay trials pending resolution of other actions that might be dispositive of common issues. The motion also contended that petitioners are not entitled to section 36 preference because their counsel did not previously oppose (and even voiced support for) making "Hansch" a "test case."

Petitioners filed a "Qualified Non-Opposition" to the motion, arguing that at least their action as against defendant County of Los Angeles should be tried on December 17 because that defendant lost on the issue of liability in the Hansch action, and petitioners believe that a reversal on appeal in favor of that defendant would not have collateral estoppel effect upon petitioners. But petitioners opposed an indefinite stay of their trial as to all defendants.

On November 4, 1985, respondent granted defendants' motion to stay trial as to all defendants until March 3, 1986. Respondent reserved until March 3 its determination of whether the temporary stay should remain in effect pending resolution of the "Hansch" appeal.

The petition requests that a new preferential trial date be set as to defendant Caltrans only.[2]

## I

Section 36, subdivision (a) states, in pertinent part: "A civil case *shall* be entitled to preference upon the motion of *any* party to such action who has reached the age of 70 years. . . ." (Italics added.) Subdivision (e) of section 36 provides: "Upon the granting of such a motion for preference, the clerk *shall* set the case for trial *not more than* 120 days from that date and there *shall* be no continuance beyond 120 days from the granting of the motion for preference except for physical disability . . ., or upon a showing of good cause stated in the record. *No such continuance shall be for more than 15 days, nor shall more than one such continuance be granted to any party.*" (Italics added.)

In *Rice* v. *Superior Court, supra,* 136 Cal.App.3d 81, this court considered and squarely rejected defense contentions, identical to those now raised, that despite section 36, subdivision (a), trial courts have inherent administrative powers or general authority pursuant to section 128 to regulate their own trial calendars. *Rice* held that as a matter of statutory construction section 36 must be deemed to be mandatory and absolute in its application if plaintiffs qualify under subdivision (a) thereof. Thus, as to section 36 matters, no discretion is left to trial courts. *Rice* validated the constitutionality of section 36 in its narrow restriction of judicial administrative autonomy. It also found that section 36 manifested the legislative determination that the specified age of 70 conclusively demonstrates the need for a preferential trial date to avoid an irrevocable loss of a qualifying plaintiff's substantive right to trial during his or her lifetime and to potential recovery of damages that would not survive plaintiff's pretrial death.

## II

Despite our holding in *Rice, supra,* respondent accepted the spurious distinctions of *Rice* offered by defendants below.

Defendants suggest that *Rice* holds that section 36 does not "divest the [trial] courts of their long-recognized power to do justice in the face of compelling and competing interests." This is clearly an incorrect characterization of the *Rice* holding. (136 Cal.App.3d at pp. 87-91.) To this end

---

[2]Petitioners contend and represent that if they prevail against Caltrans at a preferential trial, they will not pursue trials against the remaining defendants because one solvent tortfeasor is all they need.

defendants excise certain language from *Rice,* claiming support for their proposition that *Rice* contemplates that section 36 does not control where a defendant's litigation costs for serial trials in consolidated cases would be increased by a preferential trial date.[3] Reading the excerpt (quoted in fn.3) in full context in *Rice* reveals that defendant's proffered reading wholly mischaracterizes *Rice.* The cited language merely emphasizes that the already established mandatory application of section 36 generates no adverse consequences where no conflict with any defendant's interest is involved. It does not suggest that any discretion to balance interests is permitted by subdivision (a) of the statute.

Defendants also argue that because *Rice* did not involve circumstances where the potential collateral estoppel effect of another action on appeal could serve judicial economy and limit defendants' litigation costs, *Rice* can only hold that section 36 is "mandatory" and does not hold it to be "absolute." However, as demonstrated in *Rice,* the language of section 36, subdivision (a) is such that if it is mandatory, then it is absolute.[4]

The answer of defendant Caltrans to the alternative writ, at page 24, states: "The *Rice* case recognizes that the application of section 36(a) should be accomplished fairly so as 'to safeguard the rights of all suitors before them.'" But our opinion in *Rice,* 136 Cal.App.3d at page 92, where the above excerpt is seen in context, clearly does not say what Caltrans suggests. This excised statement merely states the perceived rationale of an earlier case, *Thurmond* v. *Superior Court* (1967) 66 Cal.2d 836 [59 Cal.Rptr. 273, 427 P.2d 985], wherein a different statute serving merely the convenience of certain litigants was held to be directory, rather than mandatory, because otherwise substantive rights of opposing litigants would be irrevocably lost. We then recognized this critical purpose of protecting against irrevocable loss of substantive rights to underly section 36. The subject excerpt thus in no manner suggests that section 36 should be considered to reserve ultimate discretion to trial courts.

---

[3]Defendants' pleading states: "*Rice,* however, does not stand for the proposition that section 36(a) requires preference even though it may adversely affect the rights of other litigants. [k] The Court of Appeal explains at 136 Cal.App.3d, page 91: 'The qualitative distinction between matters of convenience and those of substantive right requires the conclusion that where the Legislature enacts a law protecting a substantive right of litigants, that protection should not be frustrated or rendered meaningless by the general interest of the trial court in administering its trial calendar. *This is especially so where the allegation of undue consequences to the litigants is conclusionary and speculation.*' (Italics added.)"

[4]This particular cited application of trial courts' inherent power to stay an action is but one aspect of their recognized general inherent power to do so. It was squarely held in *Rice, supra,* that section 36, subdivision (a) absolutely overcomes such general inherent trial court power as well as the general authority under section 128 to issue stays. A legislative enactment that overcomes the entire general power necessarily overcomes all particular applications of that general power.

The sole reported case cited by defendants that in any manner involves a temporary suspension of a section 36 trial preference is *Jones* v. *Otero* (1984) 156 Cal.App.3d 754 [203 Cal.Rptr. 90]. The *Jones* holding, which is somewhat overstated by defendants, is clearly distinguishable on its facts from this case and from *Rice, supra.* Neither is *Jones* inconsistent with *Rice,* even if *Jones* were to hold as defendants suggest.

Defendants characterize *Jones, supra,* as a case where the "right to trial preference under C.C.P. § 36 [was] suspended pending plaintiffs' compliance with discovery order." This is true, as the *Jones* trial court did order that plaintiffs' trial preference be suspended pending full compliance with prior discovery orders. (156 Cal.App.3d at p. 756.) However, that suspension order was not material to the holding on plaintiffs' appeal from the erroneous dismissal of the action for his trial counsel's failure to appear for first calendar call on the preferential trial date and counsel's failure to pay monetary sanctions previously imposed against him alone. The *Jones* preferential trial date was not delayed even one day. Nothing in *Jones* suggests that it has application here or is even inconsistent with *Rice, supra.*

Neither is the mandate of section 36, subdivision (a) vitiated by the early case *Irrigation District* v. *Superior Court* (1932) 121 Cal.App. 606 [9 P.2d 579]. *Irrigation District* is cited for its holding that trial courts have inherent power to stay trial in the face of a statutory right of preference (there, eminent domain proceedings) to await appellate results in another action that might have collateral estoppel effect as to certain issues. *Irrigation District, supra,* concerned neither section 36 nor the legislatively recognized substantive public policy considerations unique to it. *Irrigation District* involved two actions. The issue of the extent of one party's river water rights *had to be finally resolved* in the first action so as to set the formula that would determine how much water the condemner would take by eminent domain in the second action. (*Id.,* at pp. 612-613.) The same two parties were litigating in both cases. Thus, the plaintiff in the second action had already been afforded a trial and had obtained a trial court judgment on the issues litigated in the first action. Despite its holding, *Irrigation District* allowed the preferential trial upon condition that plaintiff stipulate to proceed upon an admission.

*Irrigation District* relied upon earlier Supreme Court cases for its holding. (*Houghton* v. *Superior Court* (1922) 187 Cal. 661 [203 P. 765]; *Smith* v. *Jones* (1900) 128 Cal. 14 [60 P. 466]; *Connor* v. *Bank of Bakersfield* (1917) 174 Cal. 400 [163 P. 353].) ■ These early cases correctly state the general rule that trial courts have inherent power to stay trials awaiting final appellate resolution of related actions that might conclusively determine all or some of the issues in the stayed action. ■ But none of these cases

considered or involved the wholly different question of whether an express legislative mandate for immediate trial to serve substantive public policy concerns may supersede the general inherent administrative powers of trial courts.

In addition to extending the general rule beyond the facts of the case authority upon which it relies, *Irrigation District* is contrary to the holdings of other reported cases involving conflicts between general trial court administrative autonomy and statutes that mandate immediate preferential trial.

■ In the analogous context of the entitlement of unlawful detainer actions to the absolute trial preference conferred by section 1179a, it is uniformly held that trial courts have no discretion to temporarily stay such actions on the basis that a related action is pending on appeal and has potential collateral estoppel effect. (*Lori, Ltd., Inc.* v. *Superior Court* (1946) 74 Cal.App.2d 442, 443 [168 Cal.Rptr. 982]; *Kartheiser* v. *Superior Court* (1959) 174 Cal.App.2d 617, 621, 623 [345 P.2d 135]; *Mobil Oil Corp.* v. *Superior Court* (1978) 79 Cal.App.3d 486, 494 [145 Cal.Rptr. 17].)

■ In *Lori, Ltd., supra,* 74 Cal.App.2d 442, which we relied upon in *Rice, supra,* 136 Cal.App.3d at page 88, the trial court stayed trial of an unlawful detainer action because a related action between the plaintiff and third parties concerning title was pending on appeal and had potential collateral estoppel effect. A writ of mandate issued to compel immediate preferential trial in the detainer action on the express ground that section 1179a evidences the legislative intent to protect the substantive right to an immediate determination of the right to possession. *Lori, Ltd.* held that where the unlawful detainer action awaiting trial concerns but a single issue that would not be conclusively controlled by res judicata upon the final resolution of the appeal in the prior action, the statute requiring preferential trial is mandatory.

In *Kartheiser* v. *Superior Court, supra,* 174 Cal.App.2d at page 621, Division Two of this court followed *Lori, Ltd., supra,* in mandating a preferential unlawful detainer trial. There the trial court sought to serve judicial economy by staying trial until a related action between the same parties concerning the validity of underlying title was finally resolved on appeal.

*Mobil Oil Corp.* v. *Superior Court, supra,* 79 Cal.App.3d at page 494, also recognizes the legislative power to impose mandatory trial preferences in unlawful detainer actions where related pending actions concern common issues and have potential collateral estoppel effect.

Accordingly, to the extent that *Irrigation District* is not distinguishable and is ostensible authority contrary to our holding in *Rice, supra,* we view *Irrigation District* as incorrectly analyzed insofar as it applies (albeit upon unique facts) a general rule where the Legislature validly mandated an exception.

### III

Defendant Caltrans argues, in effect, that plaintiffs have either demonstrated bad faith or waived entitlement to section 36 preference because in January 1985 their trial counsel did not oppose the severance of the "Hansch" action as a test case on the issue of liability.

This argument overlooks the fact that in *Rice, supra,* the plaintiff performed a questionable reversal of position to achieve a section 36 preferential trial. There plaintiff obtained a preferential trial but became too ill to attend trial on the date set. After plaintiff's motion for a short continuance was denied, her counsel caused the action to be voluntarily dismissed. The claim was refiled and a section 36 preference was sought in the new action. We held in *Rice* that section 36 is mandatory and absolute in its terms and is unaffected by such tactical maneuvering by plaintiff's counsel. The acquiescence of petitioners' counsel to the idea of the "test case" was not a formal waiver of petitioners' entitlement to later enforce their section 36 rights nor a bad faith tactic vitiating petitioners' entitlement to extraordinary relief in this court.

### IV

We are mindful of and appreciate that respondent's ruling was based upon its view that it was striking a fair balance between these plaintiffs' rights to a section 36 preferential trial and the "interest of the court to avoid potentially wasteful serial trials."

However, respondent had no discretion to so balance interests. Respondent's authority and jurisdiction was limited by section 36, subdivisions (a) and (e), to setting trial for a date within 120 days of granting the preference motion. For respondent to have ignored the unquestionably controlling authority of the statute, as construed by *Rice,* was an abuse of discretion. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

If trial courts are permitted to make administrative inroads into the section 36 mandate, the effectiveness of that mandate will be eviscerated, if only to the extent that a litigant's section 36 rights will be jeopardized while

appellate courts review circumstances seen by trial courts as justifying their revocation of trial preferences upon their own re-balancing of interests.

If trial courts believe that certain exceptions to section 36 are necessary in complex, consolidated actions, their remedy lies in persuading the Legislature to amend the absolute language of section 36, subdivision (a) to provide appropriate exceptions.

V

■ Despite the fact that petitioners' original preferential trial date of December 17 included all defendants, petitioners now ask that they be given a new preferential trial as against defendant Caltrans only.

But petitioners are not entitled under section 36 to choose a preferential trial as to certain defendants and defer trial as to others. Such bifurcation of trials within an action rests, instead, with the discretion of the trial court to the extent it does not violate section 36.

Section 36, subdivision (a), provides that "a civil *case*" shall be entitled to priority. Subdivision (e) provides that the "*case*" shall be set for preferential trial. Accordingly, unless petitioners formally waive their entitlement to have their entire cases set for preferential trial dates, subject to acceptance of such waiver by the trial court in its discretion, petitioners' entire cases must be tried at one preferential trial.

We need not here attempt to resolve the problem, except to point out that respondent has wide discretion to avoid duplicative serial trials to the extent petitioners will formally waive entitlement to have their claims against all defendants determined at a preferential trial. The record suggests that all parties are interested in avoiding duplicative trial where it would serve neither side. Also, pursuant to subdivision (d) of section 36, defendants might obtain a common preferential trial date as to other plaintiffs who will soon reach the age of 70.

Let a peremptory writ of mandate issue directing respondent to vacate its order of November 4, 1985, and any subsequent orders in Los Angeles Superior Court case Nos. C 490493, C 491443, C 491553, C 497311, C 497312, and C 497442, collectively referred to as the "Koch-Ash cases," which stay indefinitely plaintiffs' preferential trial date, and to make a new and different order setting trial for a date within 120 days following the date this opinion becomes final as to this court. To prevent further frustration

of the rights of petitioners, this decision shall become final as to this court immediately. (Cal. Rules of Court, rule 24(c).)

McClosky, J., and Arguelles, J., concurred.

The petition of real party in interest Department of Transportation for review by the Supreme Court was denied June 25, 1986.