Opinion
 

 WOODS (A. M.), P. J.
 

 The sole issue presented herein is whether the Workers’ Compensation Appeals Board (Board) properly dismissed the application of petitioner, Joseph Fortich (applicant), in the absence of prior service of a notice of intention to dismiss allowing at least 15 days to show good cause why the case should not be dismissed (Cal. Code Regs., tit. 8, ch. 4.5, § 10780 (regulation 10780)). As we shall explain, applicant is entitled to relief.
 

 On November 1, 1984, applicant sustained an admitted work-related injury when he slipped and fell while employed as a television engineer by respondent KTLA Golden West Broadcasting (KTLA). At the time of the injury, KTLA was insured by respondent Employers Insurance of Wausau (Wausau). Wausau voluntarily provided substantial medical and disability benefits to applicant. Applicant filed an application for adjudication of claim on July 24, 1985.
 

 In June 1988, Wausau declared its readiness to proceed to determine issues of permanent disability, self-procured treatment, alleged serious and willful misconduct of the employer, and apportionment, based on its belief
 
 *879
 
 that applicant’s condition had been permanent and stationary for approximately two years. Trial was eventually set for January 17, 1990. On that date, counsel for applicant appeared and stated he could not locate his client. Wausau orally moved for dismissal, and the workers’ compensation judge (WCJ) denied Wausau’s motion without prejudice. Wausau asserts in its verified answer that the WCJ stated that he would grant a petition for dismissal if, within 60 days, counsel for applicant failed to find his client and notify Wausau and the WCJ that he had been located and was ready, willing and able to proceed. The WCJ ordered the matter off calendar. Both counsel waived service of the minutes of hearing. The minutes show a notation reading: “60 days for D to file Pet for Dismissal.”
 
 [1]
 

 On March 22, 64 days after the hearing, Wausau petitioned for dismissal on the ground that applicant had failed to meet the requirements Wausau asserts the WCJ set out at the January 17 hearing. A copy of its petition was served on applicant and on his counsel.
 

 A one-sentence opposition was filed March 28, 1990, stating that applicant “through his attorney of record . . . hereby notifies all parties that he suffers from a psychological injury[;] however [, he] is able to proceed with his Workers’ Compensation claim . . . .”
 

 On April 18, the WCJ ordered the matter dismissed without prejudice.
 

 On May 1, a “Petition to Set Aside Order of Dismissal and Petition to Reopen” (PSA/PR) was filed. The petition reiterated that applicant was able to proceed on his application. It also stated that all parties were aware applicant had been found. It requested the WCJ to reopen the proceeding and set the matter for hearing. The sole exhibit was a declaration of readiness to proceed, signed by applicant’s counsel.
 

 On June 25, the WCJ vacated the order of dismissal for “good cause.” Wausau petitioned the Board for reconsideration, asserting that the WCJ lacked jurisdiction to vacate the order. The WCJ recommended denial of the petition, stating that applicant was pursuing his claim and the Board had continuing jurisdiction.
 

 On September 1, the Board rescinded the WCJ’s order vacating dismissal and affirmed the order of dismissal on the grounds that the WCJ had acted in excess of jurisdiction because applicant had failed to file a petition for
 
 *880
 
 reconsideration from the order of dismissal and when the WCJ vacated the order of dismissal more than five years had elapsed since the date of injury.
 

 On September 24, applicant filed a petition for reconsideration. Among his contentions was that the WCJ had violated applicant’s due process rights by failing to comply with the notice requirements of regulation 10780. Alternatively, applicant argued that the Board had abused its discretion in failing to construe the PSA/PR as a petition for reconsideration and that the PSA/PR had been filed within the 15-day limit of regulation 10780.
 

 In a two-to-one decision, the Board denied applicant’s petition for reconsideration. The majority rejected applicant’s insufficient notice argument on the basis that it was being raised for the first time. The Board majority, citing Labor Code sections 5803 and 5804, also determined that because more than five years had elapsed since the date of injury, the WCJ lacked jurisdiction to set aside the dismissal order.
 
 [2]
 
 The opinion concludes: “Although applicant’s proper recourse would have been to timely file a petition for reconsideration from the order of dismissal, which he failed to do, we cannot now deem the [PSA/PR] to be one for reconsideration.”
 

 The dissenting member had previously voted with the majority in concluding that the WCJ lacked jurisdiction to vacate the dismissal and that no petition to reconsider dismissal had been filed by applicant. However, in his dissent he stated he would return the case to be tried on its merits because the majority were being too technical and applicant had timely objected to the dismissal order by filing his PSA/PR.
 

 Discussion
 

 “ ‘An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated,
 
 *881
 
 under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. [Citations.]’ ”
 
 (Armstrong
 
 v.
 
 Manzo
 
 (1965) 380 U.S. 545, 550 [14 L.Ed.2d 62, 65, 85 P.2d 1187].)
 

 Regulation 10780 provides: “Unless good cause to the contrary appears, orders of dismissal will issue forthwith when requested by applicant. All other orders for dismissal of a proceeding will issue
 
 only
 
 after service of a notice of intention allowing at least fifteen (15) days for adverse parties to show good cause to the contrary.” (Italics added.)
 

 Since, generally speaking, an applicant may dismiss a case forthwith, but at least 15 days’ notice is otherwise required, protection of an applicant’s right to due process is the major thrust of regulation 10780. The WCJ failed to comply with the notice requirements of that regulation. Had applicant received proper notice, he would have been alerted that, in order to prevent dismissal, he would probably need to provide a higher level of response than his simple, one-sentence opposition. Furthermore, the fact that Wausau failed to formally petition for dismissal within 60 days of the hearing, as required by the minute order, may have lulled applicant into believing that the issue had been satisfactorily resolved since the record reflects that at some point all were aware that applicant had been located.
 

 The Board in the past has evidenced support for strict construction of notice requirements and concluded that improper dismissal does not deprive the Board of jurisdiction. In
 
 Associated Indem. Co.
 
 v.
 
 Workmen’s Comp. App. Bd.
 
 (1969) 34 Cal.Comp.Cases 70, writ denied, the Board treated a new application for benefits filed after expiration of the limitations period as valid because an earlier application had been improperly dismissed. In
 
 Bland
 
 v.
 
 Workmen’s Comp. App. Bd.
 
 (1970) 3 Cal.3d 324, 330 [90 Cal.Rptr. 431, 475 P.2d 663], the Supreme Court cited
 
 Associated Indem. Co.
 
 with approval.
 

 More recently, in
 
 Dave’s Scrap Metal
 
 v.
 
 Workers’ Comp. Appeals Bd.
 
 (1980) 45 Cal.Comp.Cases 541, writ denied, a case was ordered off calendar to await the results of further medical tests and was later dismissed upon the defendants’ letter request to the WCJ. Documents stated that service by mail of the notice of intention to dismiss and order of dismissal had been made on persons shown on the Board’s official address record. More than five years after the alleged injury, the applicant filed a petition to reopen, petition to strike or set aside the order of dismissal, and a second application for benefits. The WCJ ruled that the application was barred by the statute of limitations and that there was no basis for estoppel to plead the statute of limitations because the applicant’s attorney presumably received the notice of intention to dismiss and order of dismissal and had made no objection.
 

 
 *882
 
 The Board granted the applicant’s petition for reconsideration. The evidence showed that the applicant had not received actual notice of either the intention to dismiss or the order of dismissal. The official address record was missing, and it could not be determined whether service by mail had been made on the applicant. The Board held that the order to dismiss was void because the Board could not verify there had been strict compliance with the statutory service requirements and with the Board’s Rules of Practice and Procedure requiring service by mail on parties and their attorneys. The Board also held that because there had been no award of compensation in connection with the 1972 application for benefits, the Board’s jurisdiction to review the dismissal was not limited to five years from the date of injury. The Board therefore concluded that good cause to set aside the dismissal had been shown.
 

 Based on the above authorities, we conclude that because the WCJ failed to comply with regulation 10780 in the present case, the order of dismissal was improper, and the WCJ had jurisdiction to vacate the dismissal order.
 

 We further conclude that the WCJ had jurisdiction to vacate the dismissal order because the lack of notice required by regulation 10780 deprived applicant of an adequate opportunity to present his objections and thus deprived him of due process. (See
 
 Roth
 
 v.
 
 Workmen’s Comp. Appeals Bd.
 
 (1971) 20 Cal.App.3d 452, 459-460 [97 Cal.Rptr. 605]; cf.
 
 Jones
 
 v.
 
 Otero
 
 (1984) 156 Cal.App.3d 754, 756-757 [203 Cal.Rptr. 90];
 
 Lyydikainen
 
 v.
 
 Industrial Acc. Com.
 
 (1939) 36 Cal.App.2d 298, 304-305 [97 P.2d 993].)
 

 We are aware that in
 
 Smith
 
 v.
 
 Workers’ Comp. Appeals Bd.
 
 (1985) 168 Cal.App.3d 1160 [214 Cal.Rptr. 765], the court held that after the Board’s jurisdiction to rescind, alter, or amend an award has expired, the award may be set aside only on a showing of extrinsic fraud or mistake.
 
 (Id.
 
 at p. 1170.) In the present case, however, there was no award and, in dismissing the application, the WCJ failed to comply with regulation 10780 and fundamental principles of due process. (See
 
 Roth
 
 v.
 
 Workmen’s Comp. Appeals Bd., supra, 20
 
 Cal.App.3d at pp. 459-460;
 
 Dave’s Scrap Metal
 
 v.
 
 Workers’ Comp. Appeals Bd., supra,
 
 45 Cal.Comp.Cases 541; cf.
 
 Jones
 
 v.
 
 Otero, supra,
 
 156 Cal.App.3d at p. 757;
 
 Lyydikainen
 
 v.
 
 Industrial Acc. Com., supra,
 
 36 Cal.App.2d at pp. 304-305.) We therefore conclude that the WCJ had jurisdiction to vacate the order of dismissal.
 

 Because the WCJ had jurisdiction to vacate the order of dismissal, the Board’s order denying reconsideration must be annulled.
 

 
 *883
 
 Disposition
 

 The November 26, 1990, order of respondent Workers’ Compensation Appeals Board denying reconsideration is annulled, and the matter is remanded for further proceedings consistent with the views expressed herein.
 

 Epstein, J., and Cooper, J.,
 
 *
 
 concurred.
 

 [1]
 

 The Board later understood this language to mean: “Sixty days was given to defendant to file a Petition for Dismissal.”
 

 [2]
 

 All code references are to the Labor Code unless otherwise indicated.
 

 Section 5803 provides in part: “The appeals board has continuing jurisdiction over all its orders, decisions, and awards made and entered under the provisions of this division .... At any time, upon notice and after an opportunity to be heard is given to the parties in interest, the appeals board may rescind, alter, or amend any order, decision, or award, good cause appearing therefor. [¶] This power includes the right to review, grant or regrant, diminish, increase, or terminate, within the limits prescribed by this division, any compensation awarded, upon the grounds that the disability of the person in whose favor the award was made has either recurred, increased, diminished, or terminated.”
 

 Section 5804 provides in part: “No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury except upon a petition by a party in interest filed within such five years and any counterpetition seeking other relief filed by the adverse party within 30 days of the original petition raising issues in addition to those raised by such original petition. . . .”
 

 *
 

 Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.