[No. B094760. Second Dist., Div. Four. Nov. 27, 1995.]

JEFFREY M. NEWLAND, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
JIM Y. SUGASAWARA et al., Real Parties in Interest.

## COUNSEL

Gorman & Miller, John C. Gorman and Catherine L. Chou for Petitioner.

No appearance on behalf of Respondent.

Michael B. Montgomery for Real Parties in Interest.

## OPINION

**EPSTEIN, Acting P. J.**—The time has come to reassert a well-established but apparently not well-known rule about monetary sanctions in discovery. ▮ The rule is that it is an abuse of discretion for a trial court to issue a terminating sanction for failure to pay the sanction. A monetary sanction is immediately enforceable as a judgment, unless the court rules that it is not. In an appropriate case failure to pay an ordered sanction is punishable as a contempt. And failure to provide the underlying discovery, in violation of a court order that it be provided, is punishable by sanctions affecting the conduct of the litigation, up to and including a terminating sanction. Because of that, an order terminating a plaintiff's lawsuit or striking a defendant's answer and entering its default (in effect, terminating sanctions) solely because of failure to pay the monetary sanction is excessive.

Such an order was made against the petitioner in this case. The circumstances warrant our direction to the trial court, by writ of mandate, to set aside the improper order and the resulting default judgment.

## FACTUAL AND PROCEDURAL SUMMARY

The underlying lawsuit was brought by real parties in interest Jim Y. and Chizu Sugasawara against the Kenneth S. Hayashi Corporation, a real estate brokerage company, and certain named defendants. Petitioner Jeffrey M. Newland is one of the named defendants. The basis of the lawsuit is briefly discussed in our earlier opinion arising out of the same litigation, *Sugasawara v. Newland* (1994) 27 Cal.App.4th 294 [32 Cal.Rptr.2d 484]. In that decision, we affirmed a trial court order that set aside a default and default judgment entered after Newland's answer was stricken for failure to provide court-ordered discovery. The motion was brought and granted under Code of Civil Procedure section 473. (All further section references are to that code.) The theory of the motion was attorney neglect. We held that mandatory language in section 473 requires a trial court to set aside the underlying default as well as the default judgment on a credited showing that the default was suffered on account of attorney mistake, inadvertence, surprise, or neglect. (27 Cal.App.4th at p. 295.)

Besides setting aside the default and default judgment, the order we affirmed also imposed a $700 monetary sanction against the responsible attorney, who previously had represented Newland. (27 Cal.App.4th at p. 296.) We held that Newland was entitled to costs on appeal, and he later filed a memorandum of costs showing that he incurred costs in the amount of $67.06. The $700 monetary sanction was not set aside. Neither was an earlier $500 monetary sanction imposed against Newland for failure to make discovery.

On November 1, 1994, counsel for the Sugasawaras again moved the court to strike Newland's answer, this time because he had not "paid the sanctions that were ordered by the Court upon the striking of the Answer, or upon granting relief from default, as affirmed by the Court of Appeal." In the alternative, the motion asked for an early trial setting because the five-year period to get the case to trial (§ 583.310) would soon run.

The representation about unpaid sanctions was inappropriate insofar as the $700 sanction was concerned, since that sanction order was directed against Newland's former attorney, not against Newland. This was pointed out in Newland's opposing papers. On November 29, the trial court ordered Newland to pay the $500 sanction previously imposed against him, together with

$250 more, by April 18, 1995. The court continued the motion to strike to that date, and set a mandatory settlement conference (MSC) to be held on the same day.

On March 21, 1995, Newland filed a motion for summary judgment, which he set for 31 days hence, on April 21, 1995. The parties agreed that all motions and the settlement conference should be held on the same date, and counsel for the Sugasawaras sought and obtained an ex parte order that the hearing on each of these matters (the motion to strike Newland's answer, a motion to strike testimony, Newland's summary judgment motion, and the MSC) be held on April 21.

Newland's attorney thought his agreement with counsel for the Sugasawaras also postponed the date for payment of the sanctions ordered against his client (which, by then, amounted to $750) to April 21, although no order postponing payment had been made. On April 19, the day after payment was due, the Sugasawaras' attorney filed a declaration that the money was not paid. In it, he stated that he was having to levy against the former counsel for Newland, who had not paid the $700 sanction ordered against him, and that Newland's failure to pay the $750 "should truly be 'three strikes.' " *

An attorney for Newland appeared at the April 21 hearing, where she proffered a check in the amount of $682.94 to counsel for Sugasawara. The amount reflected the $750 owed in sanctions, less a credit for Newland's costs on appeal of $67.06. The tender was refused. The trial judge found no fault in the refusal, accepting the argument that an award of costs on appeal "is enforceable in the court of appeals [sic], I believe, and not here." During argument, counsel for the Sugasawaras twice referred to $1,400 as the amount of sanctions owed to his clients, which "they" had not paid. He also spoke of three monetary sanction orders, a further reference to the $700 order against Newland's former attorney for which Newland was not responsible. He concluded that "this is really the fourth time on sanctions. Yet, not one nickel has been paid." In the end, the trial judge concluded that the court had "bent over backwards" for Newland and that "the buck's got to stop somewhere." The trial judge stopped it by granting the motion to strike and ordering that the Sugasawaras proceed by default.

The trial court's written order correctly differentiated between the $700 owed by Newland's former attorney and the $750 owed by Newland; recited that none of the latter had been paid by the April 18 due date, which had not been extended; and that the April 21 tender was insufficient because Newland had subtracted his costs on appeal. Newland's answer was ordered

stricken "for failure to timely pay sanctions." The default judgment which had been set aside by the section 473 order was reinstated. Newland unsuccessfully moved for reconsideration.

The reinstated judgment, which had been awarded in January 1993, amounted to $220,739.10 as of that time. Newland filed a notice of appeal. He also sought writ intervention, setting out the harm he would suffer without it. (Newland had been unemployed for over a year; he would have to post an appeal bond of over $440,000 in order to stay execution on the judgment. [See § 917.1, subds. (a)(1), (b).]) We issued an alternative writ.

## DISCUSSION

The Civil Discovery Act of 1986 (§ 2016 et seq.) includes a single section devoted entirely to discovery abuses and sanctions. Section 2023, subdivision (a), catalogues nine categories of abuse. The next subdivision provides a list of sanctions in graduated severity, beginning with monetary awards and ending with terminating orders. Within the latter are orders striking pleadings, orders staying further proceedings until an order for discovery is obeyed, dismissals, judgments by default, and contempt. (§ 2023, subd. (b)(4).) Prior to the operative date of the act, sanctions were covered by former section 2034. There are technical differences between the two provisions (and with the monetary sanction provisions included in each of the discovery method provisions in the act). Probably the most important substantive change is that the portion of the former law requiring a delict—a willful failure by the offending party—to justify a monetary order has been replaced by provisions that impose no such requirement. (See *Puritan Ins. Co.* v. *Superior Court* (1985) 171 Cal.App.3d 877, 882 [217 Cal.Rptr. 602] [distinguishing among provisions that required only "failure or refusal" and those requiring "willful failure"]; cf. *Motown Record Corp.* v. *Superior Court* (1984) 155 Cal.App.3d 482, 489 [202 Cal.Rptr. 227] [making no distinction].)

██ ██ The rule that a sanction order cannot go further than is necessary to accomplish the purpose of discovery is some 35 years old in California, and is rooted in constitutional due process. (*Caryl Richards, Inc.* v. *Superior Court* (1961) 188 Cal.App.2d 300 [10 Cal.Rptr. 377].) *Caryl Richards* was a products liability case in which the defendant failed to adequately respond to discovery about the chemical properties of its product even after being ordered to do so. Finding willful failure, the trial court ordered that defendant's answer be stricken and its default entered. The Court of Appeal directed the trial court to vacate that order and to reinstate the answer. (*Id.* at pp. 303, 307.)

The appellate court found it to be self-evident that an issue sanction would have been sufficient punishment for the inadequacy of defendant's response. The terminating sanction deprived defendant of the right to defend the lawsuit on its merits and "was one designed not to accomplish the purposes of discovery but designed to punish" the defendant for its omission. (188 Cal.App.2d at p. 305.) The court explained: "While under the statute the court undoubtedly has the power to impose a sanction which will accomplish the purpose of discovery, when its order goes beyond that and denies a party any right to defend the action or to present evidence upon issues of fact which are entirely unaffected by the discovery procedure before it, it not only abuses its discretion but deprives the recalcitrant party of due process of law. 'The fundamental conception of a court of justice is condemnation only after hearing. To say that courts have inherent power to deny all right to defend an action and to render decrees without any hearing whatever is, in the very nature of things, to convert the court exercising such an authority into an instrument of wrong and oppression, and hence to strip it of that attribute of justice upon which the exercise of judicial power necessarily depends.' " (188 Cal.App.2d at p. 305, quoting *Hovey* v. *Elliott* (1897) 167 U.S. 409, 414 [42 L.Ed. 215, 220, 17 S.Ct. 841].)

*Caryl Richards* has been consistently followed. In *Jones* v. *Otero* (1984) 156 Cal.App.3d 754 [203 Cal.Rptr. 90], the principal issue was whether dismissal of an action was justified by the failure of plaintiff's attorney to pay a monetary discovery sanction. The court's response was unequivocal: "dismissal can never be an appropriate remedy for an *attorney's* noncompliance with an order imposing monetary sanctions." (*Id.* at p. 759, italics added.)

The issue of dismissal for the failure of a *party* to pay monetary discovery sanctions was not before the court in *Jones*, and was not decided in that case. (156 Cal.App.3d at p. 759.) It was squarely presented in *Midwife* v. *Bernal* (1988) 203 Cal.App.3d 57, 63 [249 Cal.Rptr. 708]. Citing several United States Supreme Court decisions, the *Midwife* court concluded that "[c]onstitutional due process 'imposes limitations on the power of courts, even in aid of their own valid processes, to order discovery sanctions that deprive a party of his opportunity for a hearing on the merits of his claim.' " (*Id.* at p. 64, quoting *County of El Dorado* v. *Schneider* (1987) 191 Cal.App.3d 1263, 1273 [237 Cal.Rptr. 51].) The court applied *Caryl Richards* in concluding that it was an abuse of discretion to dismiss the action solely on the ground that the plaintiff had failed to pay monetary sanctions ordered by the court. (203 Cal.App.3d at p. 65.)

Applying the underlying principles, we held in *Motown Record Corp.* v. *Superior Court, supra,* 155 Cal.App.3d at pages 484, 490, that a waiver-of-privilege sanction was excessive "because it is punitive in nature and not

reasonably related to the purpose of effecting the discovery due." (See also *Morgan* v. *Ransom* (1979) 95 Cal.App.3d 664, 670 [157 Cal.Rptr. 212] ["sanction of peremptory dismissal, without consideration of the merits, is fundamentally unjust unless the conduct of a plaintiff is such that the delinquency interferes with the court's mission of seeking truth and justice"]; *Thomas* v. *Luong* (1986) 187 Cal.App.3d 76, 81 [231 Cal.Rptr. 631] [court "should not deprive a party of all right to defend an action if the discriminating imposition of a lesser sanction will serve to protect the legitimate interests of the party harmed by the failure to provide discovery"].)

Nor is a terminating sanction necessary in order to enforce a monetary order. Weil and Brown observe that many attorneys seem to be unaware that monetary sanction orders are enforceable through the execution of judgment laws. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial 3 (The Rutter Group 1994) ¶¶ 9:344.21, 9:344.22, p. 9(1)-92.) These orders have the force and effect of a money judgment, and are immediately enforceable through execution, except to the extent the trial court may order a stay of the sanction. (See §§ 680.230, 680.270, 699.510, subd. (a); *Jones* v. *Otero*, *supra*, 156 Cal.App.3d at p. 759.) Unawareness of this remedy may explain why terminating sanctions are often sought when monetary sanctions are unpaid.

As we have explained, a terminating sanction issued solely because of a failure to pay a monetary discovery sanction is never justified. Many of the cases we have cited (*Midwife* v. *Bernal* is a particularly good example) involve violations of orders and the discovery process far more egregious than anything suggested in the case before us. All have held the terminating sanction to be improper, and it is not surprising that real parties have failed to cite a single case that upholds that remedy in this situation.

The terminating sanction cases we have discussed arose under the former discovery law. As we have observed, at least some of the monetary sanction provisions of that law required a willful failure to follow the requirements of the discovery law as a basis for a monetary sanction. The present act contains no such requirement. If it was improper to terminate a plaintiff's lawsuit or to default a defendant for failure to pay a monetary fine imposed as a result of that party's willful failure to honor the discovery law, as it was, there is even less justification for that sanction under the present scheme where even an innocent violation is subject to monetary sanctions. (The statutory formula, stated in section 2023 and repeated throughout the discovery method sections of the act, is that the trial court "shall" impose a monetary sanction "unless it finds that the one subject to the sanction acted

with substantial justification or that other circumstances make the imposition of the sanction unjust." [§ 2023, subd. (b)(1).] The single variation is in section 2033, subdivision (k), which requires imposition of a monetary sanction without exception where there has been a failure to serve a timely response to requests for admission.)

The terminating sanction was especially inappropriate in this case. At worst, Newland was three days late in paying the money he owed. We see no reason why he was not entitled to offset the costs undoubtedly owed to him by the Sugasawaras on account of his earlier successful appeal. ■ ■ The trial court was in error in concluding that those costs were a matter for appellate court enforcement. They were, instead, "a matter solely for consideration in the lower court." (*Bell* v. *Superior Court* (1906) 150 Cal. 31, 33 [87 P. 1031]; see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 678, p. 651.)

Aside from the other infirmity of the order, the sanction subjected Newland to a judgment in excess of $220,000 and foreclosed his entire defense, including consideration of his then pending motion for summary judgment, because he was three days late in paying the monetary sanction he owed. This was, to say the least, an abuse of discretion by itself.

### DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to set aside the judgment against petitioner Newland and the order striking his answer, and directing that court to proceed in a manner consistent with this opinion.

Vogel (C. S.), J., and Klein (Brett), J.,* concurred.

---

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.