Filed 3/13/15  Pineda v. Bekhor CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JORGE PINEDA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EZRA BEKHOR,<br><br>    Defendant and Appellant. | B255583<br><br>(Los Angeles County<br>Super. Ct. No. BC493265) |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph R. Kalin, Judge.  (Retired judge of the L.A. Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

James S. Link for Defendant and Appellant.

Law Offices of Dayton Magallanes and Dayton Magallanes for Plaintiff and Respondent.

Plaintiff, Jorge Pineda, who is a paraplegic, brought this action under state and federal disability rights laws.[1]  He claimed that defendant Ezra Bekhor failed to place a paper towel dispenser at a height accessible to someone in a wheelchair and sought injunctive relief and statutory damages.  When plaintiff voluntarily dismissed his claims, defendant moved for attorney fees under a statute providing for attorney fees to the prevailing party.  The trial court found neither party prevailed because defendant had lowered the paper towel dispenser after the litigation was filed and because plaintiff dismissed his claims due to his ill health.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 2012, plaintiff filed his complaint, alleging that eight days earlier, while patronizing defendant's coin-operated laundry facility, plaintiff was unable to extract paper towels from any of the facility's dispensers because they were mounted too high above the floor.  The complaint contained two causes of action:  violation of the Unruh Civil Rights Act and the ADA, and violation of the DPA (§§ 54, 54.1).  Plaintiff sought $4,000 in statutory damages, attorney fees, and injunctive relief for these alleged violations.

In his answer, defendant asserted that plaintiff contrived the lawsuit to extort money from defendant given that plaintiff lived 26 miles from defendant's laundry facility and there were eight other laundry facilities within 2.5 miles from plaintiff's home.  Attached to defendant's answer was a list of 76 lawsuits plaintiff filed between June 29, 2010, and July 18, 2012.  In each of these cases, Attorney Dayton Magallanes represented plaintiff.

Defendant further alleged, among other defenses, that within 30 days after being served with the complaint, defendant lowered the towel dispenser, and that the dispenser,

---

[1] Plaintiff pleaded violations of the Unruh Civil Rights Act (Civ. Code, § 51), the Americans with Disabilities Act (42 U.S.C. § 12182(b)(2)(A)(iv)) (ADA), and the California Disabled Persons Act (Civ. Code, § 54 et seq.) (DPA).  Undesignated statutory references are to the Civil Code.

as originally mounted, complied with all applicable federal and state regulations.[2] The parties subsequently became involved in a discovery dispute. On April 24, 2013, defendant moved to compel further responses to form interrogatory 11.1, which queried whether plaintiff had, in the past 10 years, filed actions or made claims for compensation for his personal injuries. On August 9, 2013, the trial court ordered plaintiff to provide further responses and ordered him to pay $2,160 in discovery sanctions to defendant within 20 days. One week later, on August 16, 2013, plaintiff requested that the action be dismissed with prejudice. Plaintiff did not pay the ordered sanctions.

After plaintiff voluntarily dismissed the action, defendant filed a motion requesting $11,300 in attorney fees under section 55 as the prevailing party in a DPA claim for injunctive relief; this amount included the $2,160 awarded as discovery sanctions.[3] Defendant asserted that he was the prevailing party as that term is defined in Code of Civil Procedure section 1032, subdivision (a).

Plaintiff responded that "on a practical level," no party prevailed. Plaintiff relied on two photographs purportedly attached as exhibits A and B to his opposition, which were included to show the locations of the paper towel dispenser before and after plaintiff filed his complaint.[4] Plaintiff argues that relocation of the towel dispenser was the essence of the injunctive relief he sought in bringing this action.

Plaintiff also argued that the voluntary dismissal was predicated on his urgent health problems rather than the trial court's discovery order. Plaintiff submitted a declaration in which he stated that he began experiencing significant pain during his

---

[2] We note that it is not entirely clear whether the dispute was about one or more towel dispensers. The court's minute order denying the motion for attorney fees refers to a single towel dispenser.

[3] Defendant also requested $1,417.90 in costs.

[4] The parties dispute whether these photographs were even appended to plaintiff's opposition below. Although they are included in plaintiff's appendix herein, the photos are not attached to the copy of the opposition available on the superior court's Web site (www.la.court.org). We note, however, that defendant referred to the photographs in his reply below in arguing that they were not authenticated.

deposition on June 13, 2013. He had an MRI on the same date, which revealed arthritis in his hip from a previous dislocation and sitting too long; plaintiff also stated that he was advised that he had a loose catheter. Plaintiff further declared that on August 15, 2013, while in a rehabilitation center, he began to experience fever, chills, abdominal pain, loss of appetite, low urine output, hallucinations, shallow breathing, a drop in his blood pressure, and dizziness. Plaintiff was ultimately admitted to an intensive care unit on August 19, 2013, for septic shock.

Plaintiff's attorney also submitted a declaration. He stated that plaintiff's June 13, 2013 deposition had to be continued when plaintiff began to experience substantial pain. Plaintiff's caretaker contacted counsel on August 15, 2013, and advised him that plaintiff's condition was grave. Plaintiff's counsel also represented to the trial court that he filed the request for dismissal on August 16, 2013, solely on the basis of concern for his client's health and "ability to proceed to trial." Alternatively, plaintiff contended that under the ADA, defendant could not recover attorney fees unless plaintiff's action was frivolous or unreasonable.

In reply, defendant informed the court that despite plaintiff's claimed ill health, plaintiff and his counsel filed nine new complaints after dismissing his case herein, including one filed within two weeks of that dismissal, one before the scheduled trial date, and one shortly thereafter. Defendant asserted that plaintiff's motivation in dismissing his case was not genuine, but instead to avoid exposure as a "serial litigant" and to prevent his caretaker's deposition. Instead of correction of the height of the towel dispenser, plaintiff's primary purpose in bringing this action was to collect statutory damages and attorney fees. Plaintiff, moreover, did not produce admissible evidence that the litigation caused defendant to modify his behavior because plaintiff's before and after photographs were not authenticated. Finally, defendant cited *Jankey v. Lee* (2012) 55 Cal.4th 1038 (*Jankey*) in arguing that the ADA's standard for award of attorney fees was inapplicable where defendant was seeking fees under section 55.

4

After taking the matter under submission, the trial court denied defendant's motion for attorney fees and costs: "Defendant repaired the architectural barriers as a result of the lawsuit. Plaintiff dismissed the lawsuit due to his declining health. In that defendant complied with the law and plaintiff's actions were not frivolous or unreasonable the Court finds neither party is the prevailing party and thus defendant is not entitled to attorney fees." Defendant filed this timely appeal.

Pursuant to Government Code section 68081, we asked for letter briefs (government code letter) addressing the following: What impact, if any, does defendant's inclusion of the attorney fees awarded as a discovery sanction in the total fees he was seeking as a prevailing party, and the trial court's denial of attorney fees to defendant as a prevailing party, have on enforceability of the discovery sanctions award? We asked the parties to consider *Newland v. Superior Court* (1995) 40 Cal.App.4th 608 (*Newland*) in responding to our government code letter. Both parties filed letter briefs.

## DISCUSSION

### Standard of review

The issue of whether there was a legal basis to award attorney fees is reviewed de novo. (*Shisler v. Sanfer Sports Cars, Inc.* (2008) 167 Cal.App.4th 1, 6.) The trial court's determination of whether a party prevailed is reviewed for abuse of discretion. (*Heather Farms Homeowners Assn. v. Robinson* (1994) 21 Cal.App.4th 1568, 1574 (*Heather Farms*).) "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478–479.)

### The trial court did not commit legal error because it did not make its ruling under the ADA

Plaintiff's argument that because his action was not frivolous or unreasonable, defendant was not entitled to a fee award is not well founded. While it is true that such a finding is a prerequisite to a fee award under the ADA, there is no such requirement in

5

section 55, which authorizes an award of attorney fees to the prevailing party in a DPA claim for injunctive relief.[5] In *Jankey*, the Supreme Court declined to engraft such a requirement onto section 55 when the court held that the ADA's attorney fee provision did not preempt section 55: "Clearly Jankey himself at the time of filing saw some benefit to adding a section 55 claim to his ADA claim or else he would have omitted it. Having invoked section 55, he cannot now be heard to complain that it has brought him only a bill for attorney fees." (*Jankey*, 55 Cal.4th at pp. 1052–1053.)

The record does not support plaintiff's argument either. The fact that the trial court observed plaintiff's claim was not frivolous does not evidence that the court applied the wrong legal standard in considering defendant's attorney fee request.[6]

**Attorney fees under section 55**

Defendant contends that plaintiff's voluntary dismissal with prejudice renders defendant the prevailing party as a matter of law under Code of Civil Procedure section 1032, subdivision (a)(4). Section 1032, subdivision (a)(4) defines a prevailing party as "the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034."

---

[5] Section 55 provides, in pertinent part, "Any person who is aggrieved or potentially aggrieved by a violation of Section 54 or 54.1 of this code . . . may bring an action to enjoin the violation. The prevailing party in the action shall be entitled to recover reasonable attorney's fees."

[6] Defendant argues on appeal that the trial court abused its discretion in applying the catalyst theory of fee recovery. It does not appear that the trial court relied on this theory when it found that neither party prevailed. We therefore do not address it.

Courts have consistently held that when a plaintiff dismisses a claim voluntarily, the defendant is not the prevailing party based merely on Code of Civil Procedure section 1032. (*Galan v. Wolfriver Holding Corp.* (2000) 80 Cal.App.4th 1124, 1129 (*Galan*) [regarding Civil Code section 1942.4 in a landlord tenant dispute]; *Gilbert v. National Enquirer, Inc.* (1997) 55 Cal.App.4th 1273, 1275–1276 (*Gilbert*) [regarding Civil Code section 3344 in a commercial appropriation case]; *Heather Farms*, *supra*, 21 Cal.App.4th at p. 1574 [regarding former Civil Code section 1354 (current section 5975) in an action to enforce covenants, conditions, and restrictions].)

Instead, determination of who is a prevailing party is a matter of discretion, and courts have counseled against "rigid adherence" to Code of Civil Procedure section 1032. (*Wohlgemuth v. Caterpillar Inc.* (2012) 207 Cal.App.4th 1252, 1264.) "[I]f the particular fee-shifting statute does not define prevailing party, then the trial court should simply take a pragmatic approach to determine which party has prevailed. That is, the trial court would determine which party succeeded on a practical level, by considering the extent to which each party realized its litigation objectives." (*Ibid*.)

For example, in *Gilbert*, the defendant relied on the plaintiff's voluntary dismissal of a commercial appropriation case to argue that it was the prevailing party under section 3344, which did not define "prevailing party." (*Gilbert*, *supra*, 55 Cal.App.4th at p. 1276.) The *Gilbert* court concluded that the denial of the attorney fees under section 3344 was "a valid exercise" of the trial court's discretion to determine "whether either side had prevailed on a practical level" where the plaintiff argued that she had dismissed the claim to expedite her appeal of the trial court's sustaining of a demurrer as to other claims in her pleading.[7] (*Gilbert*, at pp. 1277–1278.)

Like in *Gilbert*, section 55 does not define "prevailing party." As a result, the trial court here was permitted to exercise its discretion to determine the prevailing party "'on a

---

[7] We disagree with defendant's contention that the reason for dismissal is "irrelevant" to a trial court's exercise of discretion. *Gilbert* refutes this assertion. (55 Cal.App.4th 1273.)

practical level.'" (*Galan*, *supra*, 80 Cal.App.4th at p. 1129; *Heather Farms*, *supra*, 21 Cal.App.4th at p. 1574.) Plaintiff argues that the before and after photographs did not establish that plaintiff achieved his litigation goal because the photographs were not admissible. Indeed, defendant disputes that the photographs were even attached to plaintiff's opposing papers. (See fn. 3, *ante*.)

In his answer, defendant admitted that, after the litigation began, he lowered the paper towel dispenser, albeit he now claims to have done so "altruistically," and not because plaintiff filed this case. Thus, notwithstanding the evidentiary dispute over the photographs, it is undisputed that after the lawsuit began, defendant lowered the paper towel dispenser that is the subject of plaintiff's prayer for injunctive relief. Under these circumstances, the trial court acted within its discretion in finding that plaintiff achieved his litigation objective.[8]

Defendant argues that *Salehi v. Surfside III Condominium Owners Assn.* (2011) 200 Cal.App.4th 1146 (*Salehi*) compels a different conclusion. In that case, the plaintiff condominium owner sued the defendant condominium homeowners association to enforce certain covenants, conditions, and restrictions. The plaintiff dismissed eight out of her ten causes of action on the eve of trial after she had lost a similar case in another county. She contended that the unavailability of her expert due to illness required her to dismiss these claims, albeit two claims remained for trial. Shortly thereafter, the plaintiff moved to continue the trial on the remaining two claims because of her expert's unavailability; the trial court granted the continuance.

---

[8] At oral argument, defendant contended that the towel dispenser as originally mounted complied with all applicable regulations because the towel dispenser was not located in a rest room. In the trial court proceedings, the parties disputed whether there was any accessible towel dispenser at defendant's laundry facility at all, let alone whether there was a dispenser mounted at the required height. As an appellate court we are required to assume all implied and express factual findings that would support the trial court's ruling. We do so here as to the trial court's finding that plaintiff had "repaired the architectural barriers as a result of the lawsuit."

The association moved to recover its fees as the prevailing party on the dismissed claims under former section 1354, subdivision (c) (current section 5975), which provided for attorney fees to the prevailing party. It argued that the motivation for the dismissal was not the illness of the plaintiff's expert, but instead the plaintiff's defeat in the other case. (*Salehi*, *supra*, 200 Cal.App.4th at pp. 1151–1152.)

The trial court denied the association's request for attorney fees because it had not prevailed on a "'practical level'" and the dismissal was due more to the plaintiff's "'inexperience and poor decisions'" than any concession that her claims lacked merit. (*Salehi*, *supra*, 200 Cal.App.4th at p. 1152.) Division Six of the Second Appellate District reversed. It reiterated the rule that the dismissal alone did not make the defendant the prevailing party under Code of Civil Procedure section 1032. The appellate court, however, concluded that the trial court had abused its discretion in not finding the defendant to be the prevailing party because the "record does not suggest that Salehi would have prevailed on the merits. It does not appear that she was ready to go forward procedurally and prove the case substantively" (*Salehi*, at p. 1155), and she knew she could have requested a continuance to accommodate her expert's illness, and in fact had done so three days after she dismissed the majority of her claims (*ibid.*).

The facts here are different. There was substantial evidence that plaintiff did achieve one of his litigation objectives—removal of the architectural barrier. Unlike in *Salehi*, defendant did not argue to the trial court that a continuance would have been an alternative to dismissal. In further contrast to *Salehi*, plaintiff did not dismiss his claims on the eve of trial and there was substantial evidence that plaintiff was too incapacitated to proceed.

Defendant contends that plaintiff's health issue was a pretext to avoid answering discovery that would have revealed the large number of cases plaintiff had already filed. Indeed, defendant evidenced below that plaintiff and his counsel had continued to file several lawsuits starting 12 days after plaintiff dismissed the instant case allegedly because he was too ill to proceed.

9

Plaintiff submitted evidence that he dismissed his case because of urgent medical problems, including significant pain in his hips, hallucinations, inability to breathe normally, and septic shock requiring admission to an intensive care facility. The trial court found this evidence credible, and that decision was supported by substantial evidence. It is not within our province to second-guess the trial court's credibility determination.

"'In reviewing the evidence on . . . appeal all conflicts must be resolved in favor of the [prevailing party], and all legitimate and reasonable inferences indulged in to uphold the [finding] if possible. It is an elementary, but often overlooked principle of law, that when a [finding] is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the [finding]. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court.' (*Crawford v. Southern Pac. Co.* (1935) 3 Cal.2d 427, 429.)" (*Western States Petroleum Assn. v. Superior Court* (1995) 9 Cal.4th 559, 571.)

Because substantial evidence established that defendant lowered the dispenser in response to the litigation and that plaintiff dismissed his claims because of incapacitating health problems, the trial court was within its discretion to conclude that there was no prevailing party. We reiterate that the question before us is not whether we would have evaluated the evidence in the same manner as the trial court, but only whether the trial court abused its discretion in finding that neither party had prevailed. On the record before us, we cannot say that it did.

**The order awarding attorney fees as a discovery sanctions is enforceable regardless of defendant's status as a prevailing party**

Plaintiff argued in his letter brief for the first time that defendant's inclusion of the $2,160 in previously ordered discovery sanctions in the amount defendant sought below in his motion to be awarded attorney fees as the prevailing party had the effect of

10

eliminating the previously ordered discovery sanctions when the trial court denied defendant's motion. Had defendant not included the $2,160 in discovery sanctions in the attorney fee award he sought in his motion to be declared the prevailing party, plaintiff contends that *Newland*, *supra*, 40 Cal.App.4th 608, would make the discovery sanctions "immediately enforceable."

Plaintiff is correct that the order awarding attorney fees as a discovery sanctions is separately enforceable. In the words of the *Newland* court: "These orders have the force and effect of a money judgment, and are immediately enforceable through execution, except to the extent the trial court may order a stay of the sanction." (*Newland*, *supra*, 40 Cal.App.4th at p. 615.) Plaintiff is incorrect that the trial court's denial of prevailing party status to defendant affected the previously ordered sanctions. Plaintiff failed to cite any authority in the record or in the law that would support that assertion. Nor could any party alter a court order by his or her fiat, to wit, merely by including the discovery sanctions awarded in the total amount of fees requested in a subsequent motion.

Accordingly, our ruling today leaves undisturbed the trial court's order awarding $2,160 in attorney fees as a sanctions award against plaintiff, which is separately enforceable under *Newland*.

11

**DISPOSITION**

The order denying the motion for attorney fees and costs is affirmed.  Plaintiff is awarded his costs on appeal.

NOT TO BE PUBLISHED.


BENDIX, J.*

We concur:


CHANEY, Acting P. J.


JOHNSON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the chief Justice pursuant to article VI, section 21 of the California Constitution.