Filed 7/17/25  Amjadi v. Jolly Berry Law CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SAYEDEH SAHBA AMJADI,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>JOLLY BERRY LAW et al.,<br><br>Defendants and Respondents. | G064386<br><br>(Super. Ct. No. 30-2021-01179846)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Nick A. Dourbetas, Judge. Reversed and remanded.

Smyth Law Office and Andrew E. Smyth for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Brian Slome, Adam O'Connor, Raymond Kenneth Wilson, and Megan E. McDonald for Defendants and Respondents.

1

Under California law, discovery sanctions are governed by well-established principles: They are not designed for punishment, they may not be used to enforce an order for payment of monetary sanctions, and severe sanctions—including terminating sanctions—are not appropriate unless the record shows less severe sanctions were insufficient to remedy a party's failure to comply with a discovery order. The trial court deviated from these principles when it granted terminating sanctions against plaintiff Sayedeh Sahba Amjadi and dismissed her legal malpractice complaint against her former lawyers, defendants Jolly Berry Law, Kevin R. Jolly, and Leah Neveen Berry.

We hold the trial court abused its discretion by dismissing plaintiff's complaint against defendants and further erred by denying plaintiff's motion under Code of Civil Procedure section 473, subdivision (b) (section 473(b))[1] to set aside the dismissal. We reverse and remand for further proceedings.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

I.

THE GENESIS OF THIS MALPRACTICE ACTION

This case has its roots in a prior lawsuit brought by plaintiff, in which she was represented by defendants. A short description of that action puts the current dispute in context.

Defendants represented plaintiff in a personal injury lawsuit, *Amjadi v. Brown*,[2] which sought damages for injuries plaintiff allegedly

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] Orange County Superior Court case No. 30-2018-00976542.

suffered in an automobile collision. Defendants unilaterally settled the case over plaintiff's objection. Defendant Kevin R. Jolly signed a settlement agreement on plaintiff's behalf, and the trial court dismissed plaintiff's case and entered judgment based on the settlement. Plaintiff obtained new counsel and moved to vacate the judgment of dismissal, which defendants opposed. The trial court denied the motion, and plaintiff appealed. Another panel of this court reversed the judgment in a published decision, *Amjadi v. Brown* (2021) 68 Cal.App.5th 383, holding defendants' retainer agreement, which purported to give them the right to accept settlement offers on plaintiff's behalf, violated the California Rules of Professional Conduct and rendered the settlement void. (*Amjadi v. Brown, supra,* at p. 389.) The panel also reported defendants to the California State Bar for violating rule 1.2 of the Rules of Professional Conduct and for potential violations of rules 1.6, 1.7 and 1.9.[3] (*Amjadi v. Brown, supra,* at pp. 390–391.)

As a result of the conduct described in *Amjadi v. Brown, supra*, 68 Cal.App.5th 383, plaintiff filed this action against defendants for legal

---

[3] As explained in *Amjadi v. Brown, supra*, 68 Cal.App.5th at page 387, in addition to unilaterally settling the case over plaintiff's objection, "[t]he Jolly Berry firm's opposition to [plaintiff's motion to vacate the judgment of dismissal] included declarations from [defendants] describing various attorney-client communications in the course of negotiating the retainer agreement and the runup to trial, complete copies of the retainer agreement and a limited power of attorney executed by plaintiff, and copies of text messages and e-mails between plaintiff and [defendants]. The attorney declarations included discussions of plaintiff's communication with other past attorneys, mental health, feelings of religious persecution, and intimacy that were apparently previously confidential." (*Ibid.*, fn. omitted.)

malpractice and other claims.[4] Plaintiff initially was represented by attorney Peter diDonato. The operative complaint was the fourth amended complaint. In addition to breaches of attorney-client confidentiality and conflicts of interest, and claims arising from the settlement of plaintiff's case without her consent, plaintiff alleged defendants failed to sign medical liens for treatment plaintiff received (which had the result of making her personally liable for medical expenses), failed to properly investigate and allege the extent of plaintiff's injuries, and unilaterally dismissed the owner of the vehicle from the action without investigating a potential claim against the owner of the vehicle for negligent entrustment.

## II.

### PROCEDURAL HISTORY LEADING TO THE COURT'S ISSUANCE OF TERMINATING SANCTIONS AGAINST PLAINTIFF

#### A. *Jolly Berry Law's First Set of Document Requests*

On May 10, 2022, defendant Jolly Berry Law served plaintiff with its first set of document requests, containing 35 requests. Plaintiff served verified written responses and objections on June 8, 2022, and amended responses on July 18 and again on August 4, 2022.

#### B. *The March 6, 2023 Order Compelling Compliance*

On January 17, 2023, defendants jointly moved for an order compelling plaintiff to comply with her written responses to the document

---

[4] Plaintiff also named another attorney, Joseph John Nazarian, and his law firm, Nazarian Law Firm APC, as defendants in the underlying action, but they are not parties to this appeal. When we refer to defendants in this opinion, we are referring only to the respondents, Jolly Berry Law, Kevin R. Jolly, and Leah Neveen Berry.

4

requests by producing the promised documents and for sanctions.[5] On March 6, 2023, the trial court granted the motion. It ordered plaintiff to produce all documents responsive to six of the document requests within 15 days and further ordered plaintiff to pay monetary sanctions within 60 days (the March 6, 2023 Order).

On April 4, 2023, plaintiff served third amended responses, without objections, to the document requests. For each request in dispute, the amended responses stated plaintiff would produce all documents in her possession that comply with the request. The responses were signed by plaintiff's counsel and included a page indicating the verification would follow.

*C. The August 11, 2023 Monetary Sanctions Order*

On May 19, 2023, defendants moved to enforce the March 6, 2023 Order and sought evidentiary, issue, monetary and/or terminating sanctions. On August 11, 2023, the court denied defendants' request for terminating sanctions but awarded additional monetary sanctions payable within 30 days (the August 11, 2023 Sanctions Order). With respect to the monetary sanctions, the order cautioned, "[s]hould plaintiff not timely comply with this order, the Court will consider imposing terminating sanctions."

---

[5] The motion was not submitted by either side as part of the appellate record. For reasons not clear to us, it appears that, although the document requests were propounded only by defendant Jolly Berry Law, the motion was filed by all three defendants, including Kevin R. Jolly and Leah Neveen Berry.

*D. The November 16, 2023 Order Issuing Terminating Sanctions*

By August 23, 2023, plaintiff was self-represented in the action.[6] On September 28, 2023, defendants filed a new motion to enforce both the March 6, 2023 Order compelling plaintiff to comply with her discovery responses and the August 11, 2023 Sanctions Order.[7] The new motion sought "monetary, evidentiary, issue, contempt and/or terminating sanctions" against plaintiff "for her repeated disobedience of this Court's orders compelling [p]laintiff to provide discovery information and compelling Plaintiff to pay Court-Ordered sanctions."

In support of the motion, defendants submitted a declaration from counsel stating plaintiff had not yet produced the documents she had been ordered to produce in the March 6, 2023 Order, had not paid the monetary sanctions ordered in the August 11, 2023 Sanctions Order, and had not provided a verification to her most recent amended responses to the document requests. The motion initially was set for hearing on February 9, 2024. Pursuant to an ex parte application by defendants, the court advanced the hearing date to November 17, 2023. The clerk served notice of the order advancing the hearing date on October 31, 2023. Then, on November 13, 2023, the court again advanced the hearing date on the motion—this time

---

[6] Back on April 27, 2023, the court relieved diDonato as counsel for plaintiff. Plaintiff then retained another law firm to represent her, but defendants notified the new firm it could not represent plaintiff because of a conflict. The new law firm substituted out of the case on August 23, 2023, and plaintiff substituted in as a self-represented party.

[7] Nazarian and Nazarian Law Firm APC joined in defendants' motion.

6

from November 17, 2023, to November 16, 2023. The clerk served notice of that order to plaintiff on November 13, 2023.

On November 13, 2023, just three days prior to the scheduled hearing, plaintiff hired an attorney, Andrew J. Knez, to represent her.[8] Knez instructed his assistant to check the court's register of actions and calendar all upcoming dates, but the hearing date was not calendared. Neither plaintiff nor her new counsel appeared at the November 16, 2023 hearing. The trial court granted the motion as to the terminating sanctions and ordered "that the action is dismissed as to defendants Jolly Berry Law, Kevin R. Jolly, Leah Neveen Berry, Joseph John Nazarian, and Nazarian Law Firm APC."

III.

PLAINTIFF'S SECTION 473(B) MOTION TO SET ASIDE THE DISMISSAL

Plaintiff hired a new attorney, Andrew E. Smyth, on March 12, 2024. On April 5, 2024, within six months of the dismissal, plaintiff filed a motion to set it aside pursuant to section 473(b). The motion was based on inadvertence, surprise, mistake, or excusable neglect. Plaintiff's former attorney, Andrew Knez, submitted a declaration in support of plaintiff's section 473(b) motion, explaining that, due to a clerical error on the part of his law firm, he had missed the hearing on November 16, 2023. In addition, plaintiff filed a declaration in which she stated that (1) her former attorney, Mr. diDinato, had not asked her to complete any discovery while the motion for sanctions was pending, and (2) before the sanctions motion was filed, she had been cooperating with her attorney by providing him documents and

_____

[8] Knez did not formally substitute into the action until November 20, 2023.

7

answering questions relating to discovery. In her declaration, plaintiff also stated she was working on getting the documents defendants contended were outstanding and would file the responses as a supplement to her declaration or in her reply brief. Plaintiff's reply brief stated that all documents would be delivered to counsel before the hearing date, and it provided a link to the documents in the reply. Plaintiff's supplemental declaration filed in support of her reply brief stated as follows:

"I have produced over seven large three ring binder binders of exhibits and a flash drive totaling over 15,000 pages is my estimate in response to this production of documents to Mr. Smyth, who will deliver them to the Defendants [sic] office at the time that this reply is being filed. This response includes my medical records back to 2010 and all depositions requested. I have also supplied a 'drop box' link containing almost all of the discovery. What is not included in the drop box is attached to my written response which is Attachment 1 to this Reply. Most of these documents all [sic] already in the possession of Mr. Jolly as he was my lawyer and later transferred the file to Mr. diDonato."

Mr. Smyth's declaration stated that, by the hearing date, he would have delivered seven large three-ring binders containing approximately 4,000 pages of documents to defendants' counsel—mainly duplicates of what was contained in the dropbox link.

Plaintiff's motion was scheduled for hearing on May 31, 2024. The court denied the section 473(b) motion on that date. The court stated its reasons as follows:

"Plaintiff has not served verified responses to discovery along with the moving papers. As such, the motion isn't in 'proper form.' See *Rodriguez v. Brill*, (2015) [234] Cal.App.4th 715. Further, mandatory relief is

8

not required as the attorney affidavit of fault does not show the dismissal was a result solely of the attorney's mistake, negligence or excusable neglect."

The order went on to say: "Mandatory relief from default or dismissal based on attorney's affidavit of fault is available to a party only if the acts or omissions of the attorney were the sole cause of the default or dismissal for discovery violations. Such relief is not available if the party contributed to the discovery abuse which caused the default or dismissal. *Lang v. Hochman* (2000) 77 Cal.App.4th 1225. The discovery abuse occurred long before plaintiff's current counsel was substituted into the case. Plaintiff's attorney's failure to attend the hearing regarding the dismissal was not the sole cause of the outcome here."

Plaintiff timely appealed the order denying her section 473(b) motion.

DISCUSSION

I.

APPLICABLE LAW AND STANDARD OF REVIEW

"'Section 473, subdivision (b), authorizes the trial court to relieve a party from a [dismissal] entered because of the party's or his or her attorney's mistake, inadvertence, surprise, or neglect. The section provides for both mandatory and discretionary relief.' [Citations.] Mandatory relief is available 'whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, . . . unless the court finds that the . . . dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect.' [Citation.] ""[T]he provisions of section 473 . . . are to be liberally construed and sound policy favors the determination of actions on their merits.""'

9

[Citations.] "'[B]ecause the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default [or dismissal].'"" (*Talbott v. Ghadimi* (2025) 109 Cal.App.5th 967, 976–977.)

"[A] judgment of dismissal that implements a terminating sanction for discovery abuse is a 'dismissal entered' for purposes of section 473(b)." (*Rodriguez v. Brill, supra,* 234 Cal.App.4th at p. 719.)

Further, a motion is "in proper form" (§ 473(b)) if, at or before the hearing on the section 473(b) motion, the party substantially complies with its discovery obligations that were the subject of the prior discovery order. (*Rodriguez v. Brill, supra,* 234 Cal.App.4th at p. 729.) "A test for substantial compliance is whether the moving party has demonstrated a willingness and ability to comply with the procedural requirements that led to the dismissal." (*Ibid.*)

"If the prerequisites for the application of the mandatory relief provision of section 473, subdivision (b) exist, the trial court does not have discretion to refuse relief." (*SJP Limited Partnership v. City of Los Angeles* (2006) 136 Cal.App.4th 511, 516.) Where the "applicability of the mandatory relief provision does not turn on disputed facts," the parties present "a pure question of law subject to de novo review." (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612.) But if the issue of whether the requirements have been satisfied turns on disputed evidence, the appellate court reviews the court's decision for substantial evidence. (*Martin Potts & Associates, Inc. v. Corsair, LLC* (2016) 244 Cal.App.4th 432, 437.)

"'The general underlying purpose of section 473(b) is to promote the determination of actions on their merits.'" (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 928.)

10

## II.

### THE COURT ERRED IN DENYING PLAINTIFF'S SECTION 473(B) MOTION

Plaintiff contends the trial court was required by section 473(b) to set aside its November 16, 2023 order dismissing her complaint against defendants. We agree.

The motion was timely filed within six months after the dismissal and was accompanied by an attorney's declaration of fault attesting to a calendaring error that resulted in his failure to appear at the hearing. An attorney's failure to calendar a deadline is an excusable error because it "is a clerical type mistake, not one involving professional skill. [Citation.] It is a mistake "'anyone could have made'" [citation], including a person with no special training or skill." (*Comunidad en Accion v. Los Angeles City Council* (2013) 219 Cal.App.4th 1116, 1135.)

Defendants argue plaintiff was not entitled to mandatory relief because the trial court made a finding the dismissal was caused not only by the attorney's failure to appear, but also by plaintiff's "discovery abuse [that] occurred long before plaintiff's current counsel was substituted into the case." As the trial court did, defendants cite *Lang v. Hochman* (2000) 77 Cal.App.4th 1225, for the proposition that mandatory relief is available "only when the attorney is *solely* responsible for the misconduct." (*Id*. at p. 1228.) Plaintiff disagrees, citing *SJP Limited Partnership v. City of Los Angeles, supra,* 136 Cal.App.4th at pp. 519–520, for the proposition that absent evidence of *intentional* misconduct on plaintiff's part, relief must be granted even if her conduct was an additional cause of the entry of the dismissal. We need not address this issue because the record does not support the court's finding of discovery abuse by plaintiff arising from the March 6, 2023 Order

11

that would justify the drastic imposition of terminating sanctions.[9]

Although courts have broad discretion to issue discovery sanctions, "the courts have long recognized that the terminating sanction is a drastic penalty and should be used sparingly. [Citation.] A trial court must be cautious when imposing a terminating sanction because the sanction eliminates a party's fundamental right to a trial, thus implicating due process rights. [Citations.] The trial court should select a sanction that is ""tailor[ed] . . . to the harm caused by the withheld discovery."" [Citation.] "'[S]anctions 'should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery.""" (*Lopez v. Watchtower Bible & Tract Society of New York, Inc.* (2016) 246 Cal.App.4th 566, 604.) "[A] terminating sanction should generally not be imposed until the court has attempted less severe alternatives and found them to be unsuccessful and/or the record clearly shows lesser sanctions would be ineffective." (*Ibid.*)

Defendants argue plaintiff "earned" the terminating sanctions by engaging in "repeated and willful discovery violations spanning over two years" (boldface omitted) and the trial court had "afforded [plaintiff] many opportunities to respond to requests and avoid sanctions." Defendants' contentions are not supported by the record. To the contrary, the motion

---

[9] Moreover, we question the court's assumption terminating sanctions could not have been avoided had counsel appeared at the hearing. In their motion to enforce the court's orders, defendants had requested less severe sanctions and only requested terminating sanctions as an alternative. There also was no evidence, and no finding by the trial court, of any intentional misconduct by plaintiff in violating the court's orders. Based upon a fair application of the proper standards, we think it entirely possible, perhaps likely, plaintiff's counsel could have persuaded the court to impose something less than the most drastic sanction of dismissal.

pursuant to which the court issued terminating sanctions was directed solely to plaintiff's failure to comply with the March 6, 2023 Order requiring her to produce documents and her failure to pay monetary sanctions pursuant to the August 11, 2023 Sanctions Order.

Indeed, the record shows that, in imposing the terminating sanctions, the trial court was not focused on obtaining plaintiff's compliance with the document production at issue; rather, the court believed it was justified in dismissing the case as punishment for what it perceived to be persistent, unspecified discovery abuse by plaintiff, as well as plaintiff's failure to comply with the order to pay monetary sanctions. Neither of these grounds supports the issuance of terminating sanctions.

Terminating sanctions may not be awarded as a punishment for past discovery behavior. "[B]ecause the very purpose of discovery is to promote the efficient and effective conduct of trial, discovery sanctions are not to be used 'to provide a weapon for punishment, forfeiture and the avoidance of a trial on the merits.'" (*City of Los Angeles v. PricewaterhouseCoopers, LLP* (2024) 17 Cal.5th 46, 63.) "Because discovery sanctions are not designed to punish, "'sanctions should be tailored to serve that remedial purpose, should not put the moving party in a better position than he would otherwise have been had he obtained the requested discovery, and should be proportionate to the offending party's misconduct."'" (*Kwan Software Engineering, Inc. v. Hennings* (2020) 58 Cal.App.5th 57, 74.) The court's order was inconsistent with these principles.

Further, it appears the trial court believed it had the power to issue terminating sanctions for plaintiff's nonpayment of the prior monetary sanctions order and that this was at least part of the reason the court dismissed plaintiff's case. That, too, was contrary to law. It is an abuse of

13

discretion for a trial court to issue a terminating sanction for failure to pay a monetary sanction. (See *Newland v. Superior Court* (1995) 40 Cal.App.4th 608, 610.) Monetary sanctions awards can be immediately enforced as a judgment. (*Ibid.*)

In addition, the trial court denied plaintiff's section 473(b) motion based on its erroneous conclusion that it was not in proper form, *i.e.*, not accompanied by proper discovery responses. The court did not address the thousands of pages of documents plaintiff's counsel represented would be produced before the hearing, but instead focused on plaintiff's failure to serve verified responses and the lack of authentication of documents by plaintiff's attorney. Verified discovery responses and authentication of documents, however, were not part of the March 6, 2023 Order, which was limited to the *production of documents* in compliance with plaintiff's written responses to six document requests propounded by Jolly Berry Law. At the hearing on the section 473(b) motion, even counsel for defendants acknowledged they did not know whether everything requested in discovery had been produced. These facts do not support the court's conclusion the motion was not in "proper form."

Finally, it is not clear (and neither the trial court's order nor the parties explain) why the court dismissed the case against all defendants, when the document requests that were the subject of the March 6, 2023 order were propounded only by Jolly Berry Law. We need not address this issue, however, in light of our reversal of the order denying plaintiff's section 473(b) motion.

Based on the foregoing, we reverse the trial court's May 31, 2024 postjudgment order denying plaintiff's motion to vacate the dismissal entered on November 16, 2023. Nothing herein is intended to prevent the trial court

14

from revisiting the motion by defendants that led to the issuance of terminating sanctions, and to determine and address within the proper scope of its discretion and a proper application of the law the status of plaintiff's current compliance with the March 6, 2023 Order.

DISPOSITION

The May 31, 2024 postjudgment order denying appellant's motion to set aside the dismissal entered on November 16, 2023 is reversed. The matter is remanded with instructions to the trial court to set aside the November 16, 2023 order granting terminating sanctions and dismissing respondents from the action. In the interests of justice, the parties will bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


GOODING, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


DELANEY, J.