Filed 12/30/25  R.S. v. Watchtower Bible and Tract Society of New York CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| R.S., | C103027 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CI000285) |
| v. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., et al., | |
| Defendants and Appellants. | |

THE COURT:

The parties' request, as construed, to (1) grant calendar preference and expedite review; (2) vacate and reverse the trial court's order compelling discovery compliance and for imposition of monetary sanctions against appellants (order (money judgment)[1]);

---

[1]  "A monetary sanction is immediately enforceable as a judgment, unless the court rules that it is not."  (*Newland v. Superior Court* (1995) 40 Cal.App.4th 608, 610; see *id*. at p. 615.)

1

(3) remand the matter to the trial court with instructions to deny respondent's motion to compel discovery compliance as moot; (4) direct that the parties bear their own costs on appeal; and (5) immediately issue the remittitur is granted.

In light of the fact that the trial court's order (money judgment) imposes monetary sanctions far exceeding the cost of respondent's motion and any related harm in violation of the limitations set forth in *City of Los Angeles v. PricewaterhouseCoopers, LLP* (2024) 17 Cal.5th 46, 75, the parties now seek to reverse the order (money judgment) by stipulation. This court may reverse or modify a judgment pursuant to stipulation only in accordance with the requirements set forth in Code of Civil Procedure section 128, subdivision (a)(8). That section requires us to make specific findings that (1) "[t]here is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal," and (2) the grounds for "requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." (*Ibid.*)

We find that the requirements of Code of Civil Procedure section 128, subdivision (a)(8) are satisfied here. The parties' stipulation supports the conclusion that there is no reasonable possibility that the interests of nonparties or the public will be adversely affected by reversal of the order (money judgment) because the reversal is based on appellants' substantial compliance with the trial court's prior order compelling production of discovery, and any departure from the prior order was due to the lack of entry of a protective order necessary to protect the confidentiality of the documents being produced, which protective order was subsequently entered by the trial court prior to appellant's production. Further, the grounds for requesting reversal of the order (money judgment) outweigh the erosion of public trust that may result from the nullification of a judgment or the risk that a stipulated reversal of the order (money judgment) in this case will reduce the incentive for pretrial settlement in future cases of this nature. To the

2

contrary, reversal of the order (money judgment) under these particular circumstances enhances the possibility of a pretrial settlement in the underlying action by lowering the barriers to settlement.

Pursuant to Code of Civil Procedure section 128, subdivision (a)(8), and good cause being shown by stipulation of the parties, the order (money judgment) is reversed and the matter remanded to the trial court with directions to deny respondent's motion to compel discovery compliance as moot. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).) The clerk of this court is directed to immediately issue the remittitur upon filing of the opinion. (See Cal. Rules of Court, rule 8.272(c)(1).)


BY THE COURT:



/s/                                        ,
ROBIE, Acting P. J.




/s/
RENNER, J.




/s/
MESIWALA, J.